**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Ralph BAILEY,
Defendant-Appellant.**

**No. 12724.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 1983.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Oct. 18, 1983.

Application to Transfer Denied Nov. 22, 1983.

560

John D. Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David R. Fielder, Fielder, Jones, Conklin & Skinner, Springfield, for defendant-appellant.

PREWITT, Judge.

A jury found defendant guilty of forging a $600 check and he was sentenced as a persistent offender to twelve years' imprisonment.

The first point we discuss is defendant's contention that the evidence was insufficient to support the jury's verdict. He bases this contention on a claim that there was no direct evidence that he wrote the check, possessed it, or ever had it under his control and because Robert Phelps, whom defendant calls the state's "main witness", was an admitted perjurer, and because the state's handwriting expert was contradicted by defendant's handwriting expert.

In reviewing such a contention we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Rhoden,* 654 S.W.2d 352, 353 (Mo.App.1983). Whether Phelps' testimony was believable and which of the handwriting experts should have been believed is for the jury. It is not a function of this court to determine the credibility of the witnesses or to weigh the evidence. *State v. Williams,* 600 S.W.2d 120, 122 (Mo.App.1980).

■ The state's handwriting expert, Daniel McGuire, testified that except for the signature, the handwriting on the check was defendant's. McGuire said it cannot be determined who wrote the signature because it "appears to have been as though somebody was looking at an original. There is a hesitation and looking like somebody looks up and tries to follow a known signature and so consequently it is—there is a tremor to it, there's a hesitation, and with this type of handwriting it would almost be impossible to say who was the actual writer of it." John E. Craig, Jr., defendant's handwriting expert, testified that defendant did not write the check.

Linus Okafor, whose bank account the check was written on, and whose signature the check purported to contain, testified that he did not write or sign it. Defendant had been to Okafor's house, where Okafor kept his checks, approximately two hours before defendant went to the bank with Phelps to cash the check. Phelps testified that defendant gave the check to him and asked him to cash it for him and that he did not write on it. He insisted that defendant go with him to the bank, and defendant did so. If the jury believed McGuire, Okafor, and Phelps, as they were entitled to do, it is obvious that the evidence was sufficient to show that defendant forged the check. This point is denied.

Defendant was found to be a "persistent offender" and sentenced under the provisions of §§ 558.016 and 558.021, RSMo Supp.1982. He contends that the trial court erred in assessing an enhanced sentence of twelve years because it is disproportionate to the crime and constitutes cruel and unusual punishment. He also contends that sentencing him as a persistent offender punishes him for his status alone, therefore depriving him of his Fifth and Fourteenth Amendment rights to substantive and pro-cedural due process and of his right to a jury trial on whether he was a persistent offender in violation of Mo. Const. Art. I, § 22(a).

Relying on *Solem v. Helm,* —— U.S. ——, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), defendant contends that twelve years' imprisonment was so disproportionate to the crime of attempting to cash a $600 forged check that it amounted to cruel and unusual punishment. The sentence and facts in *Solem* are so much different than here that we do not believe that holding is relevant here.

■ Defendant's sentence did not constitute cruel and unusual punishment. A punishment within the statutory limits is not cruel and unusual because of its duration unless it is so disproportionate to the offense committed as to shock the moral sense of all reasonable men. *State v. Walker,* 618 S.W.2d 43, 44 (Mo.App.1981). With defendant's prior convictions we do not believe the sentence would necessarily shock the moral sense of all reasonable men.

■ If defendant had properly preserved his contention that the persistent offender statutes are unconstitutional we might have to transfer this matter to the supreme court because it involves the validity of a statute of Missouri. See Mo. Const. Art. V, § 3. However, as defendant's trial counsel, not his present counsel, did not properly preserve this constitutional question by raising it at the first available opportunity and stating the section of the constitution claimed to be violated, this contention has not been properly preserved and jurisdiction is not in the supreme court. *State v. Tatum,* 653 S.W.2d 241, 242–243 (Mo.App. 1983). This point is denied.*

■ Defendant's remaining point contends that the trial court erred in refusing to give one of five instructions which he

* The reported appellate decisions indicate that even if properly preserved, there was no merit to this contention. Under an attack similar to the one here, it has been stated that the Persistent Offender Act does not violate a defendant's right to due process or to a jury trial under the Missouri and Federal Constitutions. *State v.* *Bennett,* 621 S.W.2d 314, 315–316 (Mo.App. 1981). See also, *State v. Gilbert,* 636 S.W.2d 940, 942 (Mo. banc 1982); *State v. Berry,* 609 S.W.2d 948, 955–956 (Mo. banc 1980); *State v. Thompson,* 629 S.W.2d 361, 364–366 (Mo.App. 1981); *State v. Juralos,* 611 S.W.2d 569, 571 (Mo.App.1981).

submitted in the alternative. The theme running through each instruction was that the state had the burden of proving beyond a reasonable doubt that the check was not forged by someone else and if someone else other than defendant had possession of the check, that constituted evidence that such person committed the forgery unless it was explained in a manner consistent with his innocence.

Defendant contends that because while they were in the bank Phelps possessed the check, and attempted to cash it, the jury should have been advised that there was a presumption that he forged it or caused it to be forged. Although as defendant states, it is sometimes described as a presumption, see *State v. Sanford,* 605 S.W.2d 219, 221 (Mo.App.1980), we believe that what defendant is contending is a presumption might more properly be described as creating an inference. See *State v. Dennis,* 622 S.W.2d 404, 405–406 (Mo.App.1981).

Defendant contends that the prosecution has been granted an instruction on this presumption when it operated in the state's favor, citing *State v. Pyscher,* 179 Mo. 140, 77 S.W. 836 (1903); *State v. Milligan,* 170 Mo. 215, 70 S.W. 473 (1902); and *State v. Williams,* 152 Mo. 115, 53 S.W. 424 (1899). He asserts "that sauce for the goose is also appropriate for the gander, in this case Defendant Bailey."

Assuming that the cases on which defendant relies would have authorized such an instruction for the state in an appropriate case, they no longer appear to state the law. In *State v. Andrews,* 297 Mo. 281, 248 S.W. 967, 969 (1923), the court said that instructions regarding such a presumption are improper. *State v. Duncan,* 336 Mo. 600, 80 S.W.2d 147, 154 (Mo.1935), states "it has been held by this court in numerous cases that an instruction telling the jury what the presumption of law is with regard to a disputed question of fact on which they are required to pass is error: as in instructions ... on the recent possession of a forged instrument, *State v. Andrews,* 297 Mo. 281, 287, 248 S.W. 967, 969." See also, *State v. Martin,* 364 Mo. 258, 260 S.W.2d

536, 541 (banc 1953). The instructions tendered were not proper and the trial court properly refused them. This point is denied.

The judgment is affirmed.

HOGAN and FLANIGAN, JJ., concur.

MAUS, P.J., disqualified.