**STATE of Missouri, Respondent,**

**v.**

**Steven TAYLOR, Appellant.**

**No. WD 40020.**

Missouri Court of Appeals,
Western District.

July 3, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Steven Taylor, appeals his conviction for forgery and the denial of his motion to vacate judgment and sentence under Rule 29.15. Appellant was convicted after trial by jury and sentenced as a prior and persistent offender to a term of ten years.

The evidence in support of the jury's verdict was that appellant worked as a dishwasher and porter at the Walnut Street Cafe in Columbia, Missouri, for ten days from Monday, February 23, 1987, until Wednesday, March 4, 1987. On Saturday, February 28, 1987, the restaurant was closed to the public in order to accommodate a wine seminar which was being held in the front portion of the cafe. In addition to Gerald Hency, the general manager, the only two employees present at the cafe during the seminar were Hency's assistant manager and appellant. While Hency and his assistant manager worked in the front of the restaurant, appellant was alone washing dishes in the back near the office. None of the seminar participants left the front of the restaurant nor did they have access to the back of the restaurant where the office was located. At approximately 7:45 to 8:00 p.m., Hency told appellant to leave; however, his time card indicated that appellant remained alone in the back of the restaurant until 8:50 p.m.

A file cabinet located in the office, contained a checkbook for the restaurant's business account which Hency used solely for paying bills. All paychecks were processed by a separate payroll company. The office and file cabinet were left unlocked during the seminar until Hency closed up at approximately 9:15 p.m. The office and file cabinet remained locked the next day, Sunday, because the restaurant was closed. On the following Monday morning, Hency unlocked the file cabinet, removed the business checkbook and discovered that three checks were missing. Hency then contacted one of the restaurant owners, who was the only other person authorized to write checks on the account, and was informed that the owner had not written or removed any checks. Hency called the bank and

issued a stop-payment order, but was later notified by the bank that one of the checks, number 1779, had already been cashed.

When the bank returned check number 1779 to Hency, he observed that it bore a facsimile of his signature, although misspelled, which was neither authentic or authorized. The check was written in the amount of $425. The check designated appellant as payee and was endorsed with appellant's signature, address and telephone number. Hency testified that appellant was entitled to $134.83 in gross wages for the time that he worked, but that he did not write check number 1779, nor did he write or send any check to appellant at any time.

Appellant cashed check number 1779 on Saturday, February 28, 1987, at Nowell's Grocery Store. Donald Cornell, the clerk who handled the transaction, took a simultaneous picture of appellant, as well as check number 1779, using a Regiscope which is designed to take such pictures and to mark them with an identifying number. In addition, Cornell marked the check with his initials for verification. Cornell identified check number 1779, dated February 28, 1987, and made payable to appellant in the amount of $425 as the check he cashed, and further identified appellant as the man depicted in the Regiscope picture corresponding to that check.

In his first point appellant argues the trial court erred in overruling his motion for judgment of acquittal at the close of the State's case and at the close of all the evidence because the State failed to adduce sufficient evidence to support his conviction for forgery. Appellant argues that the State's evidence failed to show that he knowingly used a forged check.

In considering the sufficiency of the evidence in a criminal case, the appellate court must construe all the evidence in a light most favorable to the prosecution, considering all favorable inferences which can be legitimately made and ignoring any evidence or inference to the contrary. *State v. Simpson*, 718 S.W.2d 143, 146 (Mo.App. 1986). Additionally, it is well settled that circumstantial evidence alone can sustain a

conviction if the facts and circumstances are consistent with each other and with the hypothesis of defendant's guilt, and that, in the aggregate, they are inconsistent with any reasonable hypothesis of innocence. *State v. Arnold,* 566 S.W.2d 185, 188 (Mo. banc 1978).

■ Appellant contends that the State failed to establish that he negotiated the check in question with knowledge that it was forged. While knowledge of the falsity of a purported writing is a necessary element in the crime of forgery, § 570.090.1(4), RSMo 1986, such knowledge can be logically inferred from the evidence. *State v. Washington,* 570 S.W.2d 838, 843 (Mo.App.1978). Furthermore, the possession of and attempt to pass a forged instrument raises a presumption or inference that the person in possession forged it and, unless its possession is explained to the satisfaction of the trier of the facts, such presumption becomes conclusive. *State v. Gantt,* 504 S.W.2d 295, 300 (Mo.App.1973).

■ Although appellant does not raise a constitutional issue in his first point on appeal, he argues in support of his first point that the use of a presumption with respect to knowledge of the falsity of a forged instrument violates his due process rights under the Fourteenth Amendment to the United States Constitution. Appellant relies on *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). In *Francis,* the Supreme Court dealt with the constitutionality of a mandatory presumption created by a jury instruction. *Francis* distinguished mandatory presumptions from permissive inferences stating, "A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw the conclusion." *Id.* at 314. The Supreme Court also stated, "A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Id.* at 314–315.

In the case at bar there is no jury instruction which creates a mandatory presumption. The jury remains the final arbiter of whether or not the defendant knowingly used a forged check and the State's burden of proof is beyond a reasonable doubt. The principle as referenced in *Gantt,* that the possession of and attempt to pass a forged instrument raises a presumption or inference that the person in possession forged it, is applicable to judicial review and is another way of saying that certain inferences can reasonably and logically follow from certain facts. The facts as set forth herein show that there is substantial evidence to support the inference and the jury's finding that appellant knowingly used a forged check.

In his second point appellant argues the trial court erred in denying his motion for continuance, made on the day of trial, requesting that he be allowed to substitute counsel of his own choosing.

[4] In reviewing a denial of a motion for continuance, an appellate court must give great deference to the sound discretion of the trial court. *State v. Nave,* 694 S.W.2d 729, 735 (Mo. banc 1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986). A very strong showing is required to prove trial court abuse of discretion in a denial of a motion for continuance, and the party requesting the continuance bears the burden of showing prejudice resulted by such denial. *Id.*

■ While a defendant has a right to legal counsel, he is not entitled to the aid of a particular attorney as a matter of constitutional right. *State v. Bell,* 719 S.W.2d 763, 767 (Mo. banc 1986). In addition, without strong justification, a trial court is not required to grant a continuance in order to allow a defendant to substitute counsel. *Id.* It is also well settled that the right to be represented by counsel of one's own choosing is qualified by the public right to effective and efficient administration of justice. *State v. Jefferies,* 504 S.W.2d 6, 7 (Mo.1974).

■ In the case at bar appellant had been continuously represented by the pub-

lic defender's office for a total of 114 days from the time of his arraignment to the time of trial. The appellant had already been granted continuances on three separate occasions. It was clearly not an abuse of discretion for the trial court to deny appellant's motion for continuance to obtain substitute counsel which was presented the day of trial after appellant had already been granted three continuances.

Appellant next contends the trial court erred by denying his motion for post-conviction relief. In this regard appellant argues counsel was ineffective for (1) failing to subpoena named witnesses; (2) failing to introduce evidence of a handwriting comparison analysis; and (3) making concessions during closing argument.

■ In a post-conviction proceeding, the appellate court is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The trial court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a firm impression that a mistake has been made. *Curtis v. State*, 759 S.W.2d 860, 861 (Mo.App.1988).

■ A movant bears a heavy burden to show ineffective assistance of counsel. *Smith v. State*, 714 S.W.2d 834, 836 (Mo. App.1986). To evaluate claims of ineffective assistance of counsel, the United States Supreme Court established a two part test in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient. *Id.* at 687, 104 S.Ct. at 2064. This requires a showing that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances. *Sanders*, 738 S.W.2d at 857. In reviewing this issue the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the alleged action might be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065. Second, the defendant must

show that he was prejudiced by counsel's conduct. *Id.* at 687, 104 S.Ct. at 2064. In reviewing the question of prejudice the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

■ Appellant argues that his trial counsel was ineffective for failing to call as witnesses Peggy Williams, Jerry Cloud and Diane Rubenstein. Appellant claims these three witnesses could have impeached the State's principal witness. Both appellant and his wife testified at appellant's evidentiary hearing on his Rule 29.15 motion that appellant's trial counsel was given these names before trial. Trial counsel testified at the same hearing that he was never given the names of the three witnesses. The court found trial counsel's testimony to be credible believing it and disbelieving the testimony of appellant and his wife.

■ Determination of the credibility of witnesses lies with the motion court and appellate courts should defer to the motion court's findings as to credibility of witnesses. *Brummell v. State*, 770 S.W.2d 379 (ED Mo.App.1989); *Gallimore v. State*, 660 S.W.2d 458, 459 (Mo.App.1983).

■ Appellant next claims that he received ineffective assistance of counsel because counsel failed to introduce evidence of a handwriting analysis. Appellant claims that evidence should have been introduced that a comparison between his signature and the signature on the forged check yielded an inconclusive result.

On this issue counsel testified that he thought raising the issue of the handwriting analysis would have done more harm than good and that he made a calculated decision not to present this evidence. The motion court found the decision to be a matter of trial strategy. The selection of evidence to introduce is a matter of trial strategy and not a basis for finding ineffective assistance of counsel. *Sanders v. State*, 738 S.W.2d at 858.

■ Appellant further complains that counsel was ineffective for making concessions during closing argument. Specifically appellant complains that counsel admit-

ted during argument that appellant probably cashed the check intending to receive money to which he was not entitled. The motion court found this to be a matter of trial strategy. That finding is supported by the facts as set forth previously in this opinion and was not clearly erroneous. Appellant had not worked long enough to claim he was entitled to $425.00, the clerk identified appellant as cashing the check and he had his picture taken by the Regiscope. It would have been difficult, if not impossible, for counsel to maintain any credibility with the jury in the face of a denial that appellant cashed the check or an argument that he was entitled to the money.

In his final point appellant claims the motion court erred by denying him post-conviction relief on his claim that he was held in custody for eleven days before an arrest warrant or parole hold was issued. The motion court found that appellant failed to prove this issue. Furthermore, even if appellant had been detained illegally, that would not void his subsequent conviction. See, *State v. Harding,* 734 S.W.2d 871, 874 (Mo.App.1987).

Appellant's conviction is affirmed as is the denial of his motion under Rule 29.15.

All concur.