STATE of Missouri, Respondent,

v.

Robert John SCURLOCK,
Jr., Appellant.

Nos. WD 52037, WD 55936.

Missouri Court of Appeals,
Western District.

Aug. 10, 1999.

Amy M. Bartholow, Asst. Public Defender, Columbia, for Appellant.

Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

Before: EDWIN H. SMITH, P.J., and HANNA and SPINDEN, JJ.

EDWIN H. SMITH, Presiding Judge.

Robert J. Scurlock appeals [1] the circuit court's judgment of his jury conviction of one count of forgery, § 570.090.1(1),[2] for which he was sentenced to twenty years in the Missouri Department of Corrections.

---

1. The appellant filed a notice of appeal from the motion court's order denying his Rule 29.15 motion for postconviction relief. However, he did not brief any points of error relating to the motion court's order and, therefore, has abandoned this appeal. *State v. Beal*, 895 S.W.2d 635, 635 (Mo.App.1995).

2. All statutory references are to RSMo 1994, unless otherwise indicated.

The appellant raises three points on appeal. In his first point, he claims that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's case and all the evidence because the State failed to prove beyond a reasonable doubt each and every element of the crime of forgery, specifically, that he had "made a writing." In his second point, he claims that the trial court erred in allowing the prosecutor to introduce evidence of uncharged crimes because such evidence was not logically or legally relevant to the crime with which he was charged. In his final point, he claims that the trial court plainly erred in failing to declare a mistrial, *sua sponte,* because the prosecutor, in his closing argument, made an impermissible reference to the appellant's post-arrest refusal to give a handwriting sample.

We affirm.

### Facts

On July 24, 1994, David Whitten took his Chevy S–10 Blazer to Russ Morris Chevrolet in Eldon, Missouri, to have it repaired. He left his keys at the dealership and was told that his Blazer would be ready in a couple of hours. With this in mind, he left his checkbook in the locked glove compartment of the Blazer. He was later notified by the dealership that his Blazer would not be ready until the next day.

The following morning Whitten picked up his Blazer. Several days later Whitten received an overdraft statement from his bank. He was also advised that the bank had received several of his checks that appeared to have been signed by someone other than him. Upon examining his checkbook, Whitten found that five checks were missing, three of which had been received by the bank. The bank stopped payment on one of the checks containing a forged signature, which had been issued on or about July 30, 1994, to A–K Small Engine Works in the amount of $119.05.

The initial investigation into the alleged forgery was conducted by Missouri Highway Patrolman, Jimmy Mace. His investigation identified the appellant as a possible suspect. The appellant was employed as a mechanic at Russ Morris Chevrolet during the time when Whitten's Blazer was being repaired and would have had access to the keys and locked glove compartment of the Blazer. Officer Mace questioned the appellant about the forgery on two occasions. During the second interrogation at the Eldon Police Department, Officer Mace requested a handwriting sample from the appellant, which he refused to provide.

Tommy Capps, a detective from the Morgan County Sheriff's Department, also took part in the investigation. Detective Capps interviewed several witnesses at the A–K Small Engine Works who were present on the day the forged check was negotiated, including the owner, Adam Kilmer, and two employees, Moses Kilmer and Harold Newswanger. Detective Capps showed the witnesses a single photograph of the appellant, which had been obtained from a Miller County deputy who was conducting a related forgery investigation in Miller County. All three men identified the appellant as the person who came into the shop and purchased auto parts with the forged check.

The appellant was subsequently arrested and charged by information, as a prior and persistent offender, § 558.016, with one count of forgery, § 570.090.1(1), for the check negotiated at A–K Small Engine Works. Prior to trial, the appellant filed a motion *in limine* seeking to preclude the State from introducing evidence that the appellant had committed other forgeries. This motion was sustained.

The case was tried to a jury on September 7, 1995, in the Circuit Court of Morgan County. At trial, Moses Kilmer and Newswanger positively identified the appellant as the individual who had entered the shop on July 30, 1994, and purchased several items with Whitten's check. However, neither witness testified that he saw the

appellant make out the check. Whitten testified that he did not write the check that was negotiated to A–K Small Engine Works. Detective Capps testified that he identified the appellant as a suspect in the charged forgery after learning that he was a suspect in a forgery that was being investigated in Miller County.

At the close of the State's evidence, the appellant moved for judgment of acquittal, which motion was denied. He presented no evidence on his own behalf. He then filed a motion for judgment of acquittal at the close of all the evidence, which was also denied. The jury found the appellant guilty.

The appellant filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, which was denied. On November 15, 1995, the trial court, the Honorable Mary A. Dickerson, entered its judgment convicting the appellant of one count of forgery, § 570.090.1(1), and sentencing him as a prior and persistent offender, § 558.016, to twenty years in the Missouri Department of Corrections.

On February 23, 1996, the appellant filed his *pro se* Rule 29.15[3] motion to vacate, set aside or correct the judgment and sentence. An amended motion was filed by appointed counsel on June 12, 1996. On June 6, 1997, an evidentiary hearing was held before the trial court. On May 6, 1998, the court entered its judgment denying the appellant's motion.

This appeal follows.

### I.

In his first point, the appellant claims that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's case and all the evidence because the State failed to prove beyond a reasonable doubt each and every element of the crime of forgery, § 570.090.1(1), specifically, that he had "made a writing." We disagree.

Our "'review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.'" *State v. Chaney*, 967 S.W.2d 47, 52 (Mo.*banc* ), *cert. denied*, —— U.S. ——, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998) (*quoting State v. Dulany*, 781 S.W.2d 52, 55 (Mo. *banc* 1989)). In making this determination, the court must accept as true all evidence favorable to the State and reasonable inferences drawn therefrom, and disregard all evidence and inferences to the contrary. *Id.* "'[T]he relevant question is whether, after viewing the evidence in [the] light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (*quoting Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979)). In reviewing whether the evidence presented is sufficient to sustain a criminal conviction, the court must give great deference to the trier of fact. *Id.* The court "neither weighs the evidence, nor determines the reliability or credibility of witnesses." *State v. Burnett*, 970 S.W.2d 412, 413 (Mo. App.1998).

To convict the appellant as charged, the State was required to prove each and every element of the crime of forgery beyond a reasonable doubt. *State v. Roberts*, 948 S.W.2d 577, 590 (Mo. *banc* 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 711, 139 L.Ed.2d 652 (1998). The appellant was charged under § 570.090.1(1), which provides, in pertinent part:

1. A person commits the crime of forgery if, with the purpose to defraud, he

(1) Makes, completes, alters or authenticates any writing so that it purports to have been made by another or at another time or place or in a numbered sequence other than was in fact the case or with different terms or by

---

**3.** All rule references are to the Missouri Rules of Civil Procedure (1998).

authority of one who did not give such authority....

Thus, to convict the appellant of forgery under this provision of the statute, the State was required to prove beyond a reasonable doubt that: (1) he made a false writing; and (2) he did so with the purpose to defraud. § 570.090.1(1); MAI–CR 3d 324.20.1.[4] It is the first element that is in dispute here.

With respect to the first element of forgery, making a false writing, the appellant claims that the evidence was insufficient to prove beyond a reasonable doubt that he wrote the check in question. Specifically, he contends that the evidence was insufficient to establish this element because the only evidence presented by the State thereon was that he passed a check drawn on Whitten's account which did not bear Whitten's signature. For its part, the State contends that this evidence was sufficient to establish the requisite element in question, relying on *State v. Chambers,* 898 S.W.2d 119 (Mo.App.1995), which held that " 'the possession of and attempt to pass a forged instrument raises a *presumption or inference* that the person in possession forged it and, unless its possession is explained to the satisfaction of the trier of facts, such a presumption becomes conclusive.' " *Id.* at 121–22 (*quoting State v. Taylor,* 778 S.W.2d 276, 279 (Mo.App. 1989)) (emphasis added). The appellant recognizes not only the holding in *Chambers,* but numerous other decisions of the Missouri Court of Appeals so holding.[5] However, he contends that these decisions,

in creating a presumption of the making of a writing based on the specified circumstantial evidence, allow the State, in effect and in derogation of due process, to shift the burden to the defendant of disproving a requisite element of the offense charged. In so contending, he relies on *Sandstrom v. Montana,* 442 U.S. 510, 524, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39, 51 (1979) (*quoting Patterson v. New York,* 432 U.S. 197, 215, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281, 295 (1977)), which held, in pertinent part, that the " 'State must prove every ingredient of an offense beyond a reasonable doubt, and ... may not shift the burden of proof to the defendant' by means of such a presumption." Although we would agree with this general rule, for the reasons stated, *infra,* we do not believe that it has been violated in the instant case, as the appellant contends.

■ It would appear that the claim of the appellant is grounded in semantics rather than in substance, resulting from appellate decisions that have unfortunately used the terms "presumption" and "inference" interchangeably when referring to the sufficiency of the evidence to establish that the defendant in a forgery case made a false writing. The distinction between a presumption that is conclusive, as referenced in *Chambers,* and a permissive inference is not *de minimus.* As stated by the United States Supreme Court in *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985):

4. In *State v. Burnett,* 970 S.W.2d 412, 413 (Mo.App.1998), this court identified three elements of forgery under § 570.090.1(1): (1) a false making of a writing; (2) a fraudulent intent; and (3) a writing capable of effecting a fraud, relying on *State v. Hogshooter,* 640 S.W.2d 202, 204 (Mo.App.1982) as construing the statute. With respect to there being three elements of forgery, a careful reading of the decision indicates that the Southern District in *Hogshooter* was actually referencing the common-law elements of forgery, stating that § 570.090.1(1) was "at least broad enough to comprehend the elements of common-law forgery." *Id.* Neither the statute nor the control-

ling pattern instruction, MAI–CR 3d 324.20.1, expressly provide for the third element as stated in *Burnett, Hogshooter,* and numerous other decisions of the Missouri Court of Appeals. However, inasmuch as we are not confronted in this case with the issue of whether the State was required to prove this additional third element in order to obtain a conviction for forgery, we leave its resolution for another day.

5. *See State v. Taylor,* 778 S.W.2d 276, 279 (Mo.App.1989); *State v. Gantt,* 504 S.W.2d 295, 300 (Mo.App.1973).

A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves certain predicate facts, but does not require the jury to draw that conclusion.

*Id.* at 314, 105 S.Ct. 1965. In a criminal case, unlike a mandatory or conclusive presumption which violates due process by shifting the burden of proof to the defendant, a permissive inference does not unless " 'the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.' " *Taylor,* 778 S.W.2d at 279 (*quoting Francis,* 471 U.S. at 314–15, 105 S.Ct. 1965).

In holding as it did in *Chambers,* with respect to the issue in question, the Southern District relied on *Taylor* and *State v. Gantt,* 504 S.W.2d 295, 300 (Mo.App.1973). In *Taylor,* this court stated that

[t]he principle as referenced in *Gantt,* that the possession of and attempt to pass a forged instrument raises a presumption or inference that the person in possession forged it, is applicable to judicial review and is another way of saying that certain *inferences* can reasonably and logically follow from certain facts.

*Taylor,* 778 S.W.2d at 279 (emphasis added). The *Taylor* court, relying on *Francis,* recognized that such circumstantial evidence could not, constitutionally, raise a mandatory or conclusive presumption, but only a permissive inference of the defendant's making of a false writing. *Id.* And, because the court found that there was not a jury instruction given which created a mandatory presumption as to the defendant's making of a false writing, it found no error as to that issue. *Id.*

In *State v. Bailey,* 659 S.W.2d 559 (Mo.App.1983), the Southern District found, with respect to the issue presented, that "[a]lthough as defendant states, it is sometimes described as a presumption, we believe that what defendant is contending

is a presumption might more properly be described as creating an inference." *Id.* at 562 (citations omitted). Based on this finding, the court held that an instruction " 'telling the jury what the presumption of law is with regard to a disputed question of fact on which they are required to pass is error.' " *Id.* at 562 (*quoting State v. Duncan,* 336 Mo. 600, 80 S.W.2d 147, 154 (1935)). Although *Bailey* appears to be inconsistent with *Chambers* on the issue in question, it is consistent with *Taylor,* which we find correctly holds that the standard enunciated in *Gantt,* as to the sufficiency of the evidence to establish a false making of a writing in a forgery case, is properly denominated and applied as a permissive inference, not a conclusive presumption.

Because the record here reflects that there was evidence that the appellant was in possession of and attempted to pass the admittedly forged check of Whitten at the A–K Small Engine Works shop, and that he had access to Whitten's car from which the check was taken, we find that there was sufficient evidence from which a reasonable jury could infer, beyond a reasonable doubt, that he made a false writing. *Taylor,* 778 S.W.2d at 279. Hence, the appellant's claim that the State did not prove each and every element of the charge of forgery beyond a reasonable doubt is without merit.

Point denied.

## II.

In his second point, the appellant claims that the trial court erred in allowing the prosecutor to introduce evidence of uncharged crimes because such evidence was not logically or legally relevant to the crime with which he was charged. Specifically, the appellant claims that the trial court erred in failing to exclude certain portions of the testimony of David Whitten, Police Officer Jimmy Mace, and Detective Tommy Capps, which he contends referenced uncharged forgeries which

were irrelevant and inadmissible on the forgery charge for which he was tried and convicted. We disagree for the reasons discussed, *infra.*

### Testimony of Whitten

 The appellant first challenges, as inadmissible propensity evidence, the following testimony of the victim, Whitten, given during his direct examination by the prosecutor:

Q Do you recall what day that was that you took [your Chevy Blazer] to Russ Morris?

A That was – I had called him up the 23rd and made arrangements because I needed the vehicle, and it was minor repairs so they said they could get me an appointment on the 24th. So I took it in the morning of the 24th of last July. And usually I stay with my vehicles, but they said well, it would be a little while. So I left the keys with the shop master and he said he'd call me up whenever it's ready. I left it parked outside, but he had the keys.

And then later on that evening, he called me up and told me that they had some complications with the vehicle, that they'd have to keep the vehicle overnight. I told him, you know, that's fine, you know, you're responsible for it.

And whenever I went to pick up the vehicle the next day, you know, I didn't really realize anything was wrong. And it was several days later I got a bank draft for – I was overdraft. And I said, "This can't be." So I was going all through my checks, and I still didn't find this.

And whenever the bank called me up, which they worked with me real decent on this, they said they had two checks up there that they knew was not my signature, one was for Clinton Wyrick for $400 on a saddle and the other two previous.

And what they did was froze my account because there was two out. And I said, "What number are they?" And I

was looking – it was a brand new book, a checkbook.

Q Let me ask you this. At the time that you took your vehicle in and left it there at Russ Morris, had you left any checks in the vehicle?

A I normally don't leave my checkbook in there but, you know, they said it would be a couple of hours, right? So I left it – I've got two glove boxes, one in between the seats and then up on the dash. Well, I left my checkbook in there, but it's locked any time I leave my vehicle.

Q In the console compartment?

A It's locked, I lock my vehicle always. And I scoured my brain. I said, "Well, what could have happened?" And then finally the cops – I said, "There's not but one place where I know I was without my checkbook, and that was for overnight and it was up at Russ Morris." And then they asked me if I knew this Clinton Wyrick, and I said no. So they went and Clinton Wyrick described the defendant over there.

MR. LAWRENCE [Defense Counsel]: Objection, Your Honor.

THE COURT: Sustained.

We would initially note that the appellant did not object when Whitten first testified as to the other forged check, which was negotiated to Wyrick. As such, he waived any objection to this portion of Whitten's testimony. *State v. English,* 795 S.W.2d 610, 612 (Mo.App.1990). This is so in that the grant of the appellant's motion *in limine,* excluding evidence of other forgeries, did not preserve the issue for appellate review. *State v. Evans,* 639 S.W.2d 820, 822 (Mo.1982). To properly preserve it for appeal, the appellant must have also objected at the time the evidence was offered, which he failed to do. *Id.* As such, his only review would be for plain error under Rule 30.20.

 Rule 30.20 provides, in pertinent part, that "[w]hether briefed or not, plain errors affecting substantial rights may be

considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." " 'The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review.' *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983), *citing, State v. Davis*, 566 S.W.2d 437, 447 (Mo. banc 1978)." *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. *banc* 1990); *see also State v. Silvey*, 894 S.W.2d 662, 670 (Mo. *banc* 1995).

■ A plain reading of the rule indicates that plain error review involves a two-step process. Under the rule, the first step involves an examination to determine whether "plain error" has, in fact, occurred, or in other words, whether the claim for review "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted.'" *State v. Brown*, 902 S.W.2d 278, 284 (Mo. *banc* 1995). In the absence of such a determination, a court should "decline to exercise its discretion" to review a claim of error under Rule 30.20. *Id.* The rule makes it clear that not all prejudicial error — that is, reversible error — can be deemed plain error. Plain errors are those which are "evident, obvious, and clear[.]" *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992). If plain error is found on the face of the claim, then the rule authorizes, as a matter of court discretion, a second step to determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

■ The defendant bears the burden of showing that plain error has occurred which resulted in manifest injustice or a miscarriage of justice. *State v. Isa*, 850 S.W.2d 876, 884 (Mo. *banc* 1993). "Mere allegations of error and prejudice will not suffice." *Id.* "The determination [of] whether plain error exists must be based on a consideration of the facts and circumstances of each case." *State v. Cline*, 808 S.W.2d 822, 824 (Mo. *banc* 1991)

(*citing State v. Sanders*, 541 S.W.2d 530, 533 (Mo. *banc* 1976)). When guilt is established by overwhelming evidence, no injustice or miscarriage of justice results requiring relief under the rule. *State v. Jordan*, 627 S.W.2d 290, 293 (Mo. *banc* 1982) (*citing State v. Bainter*, 608 S.W.2d 429, 431 (Mo.App.1980)).

■ A careful review of the record as to Whitten's first mentioning of there being a forged check to Wyrick does not reveal obvious and clear error that would result in manifest injustice or a miscarriage of justice. Hence, as to this evidence, we decline to review for plain error under Rule 30.20.

■ As to the remaining portion of Whitten's challenged testimony, the appellant did object, although without specifying the basis for his objection, which objection the trial court sustained. Because he received all the relief he requested, he cannot now complain on appeal concerning Whitten's testimony. *State v. Olivares*, 868 S.W.2d 122, 130 (Mo.App.1993).

> Where the trial court grants the defendant all the relief that [he] seeks, nothing is preserved for appellate review. *State v. White*, 782 S.W.2d 461, 465 (Mo. App.1990). If [a] more drastic remedy ... were warranted, then it was up to defense counsel to request that relief. *Id.* The adequacy of the corrective action taken by the trial court is assumed. *Id.; State v. Mitchell*, 751 S.W.2d 65, 67 (Mo.App.1988). When a defendant has received the relief that [he] sought, [he] cannot claim error on appeal. *Mitchell*, 751 S.W.2d at 67.

*Id.*

### Testimony of Officer Mace

■ The appellant next challenges, as inadmissible propensity evidence, the following testimony of Officer Jimmy Mace, elicited under direct examination by the prosecutor:

Q Did you have occasion to investigate the forgery of some checks in Morgan County?

A Yes, I did.

Q I'll hand you what's been marked as State's Exhibit Number 1 and ask you if you recognize that?

A Yes, I also have a copy of this. I recognize this check as on Mr. Whitten.

Q Did you do any investigation related to that check?

A Yes, that check and a couple more.

Q During your investigation had you developed any suspects?

A Yes, we did.

Q Was a person by the name of Robert Scurlock one of the suspects?

A Yes, he was.

No objection was made by the appellant at trial to this testimony. As such, any objection to it was not preserved for appellate review. *English,* 795 S.W.2d at 612. Hence, as discussed, *supra,* it may only be reviewed for plain error under Rule 30.20. *State v. Daly,* 798 S.W.2d 725, 729 (Mo. App.1990).

A review of the alleged error does not facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *Brown,* 902 S.W.2d at 284. Thus, we decline to review for plain error. *Id.*

### Testimony of Detective Capps

The appellant challenges several portions of the testimony of Detective Capps. He first challenges the following testimony elicited under direct examination by the prosecutor:

Q Where was it that you were at when you saw that item [State's Exhibit Number 1]?

A I was at A–K Small Motors, motor repair out on C Road.

Q And why were you there?

A I was there following up information on a possible forgery case that had been presented to me when I started with the sheriff's department. A deputy brought a picture of an individual to me and said that this may be a possible forger at this A–K Small Motors. He told me that the information he obtained came through Miller County, so I called over there and visited with one of the –

MR. LAWRENCE [Defense Counsel]: Objection, Your Honor.

THE COURT: Basis?

MR.LAWRENCE: For the reasons stated in the motion in limine.

THE COURT: Overruled.

Q Did you question any of the employees there at A–K Small Engine?

A Yes, I did.

This testimony was admitted over the objection of the appellant, and therefore was preserved for appellate review. *English,* 795 S.W.2d at 612. The question then is whether its admission was error.

A trial court has broad discretion in deciding whether to admit evidence, and its "decision will not be disturbed unless a clear abuse of discretion is shown." *State v. Stoner,* 907 S.W.2d 360, 363 (Mo. App.1995). An abuse of discretion will not be found unless the trial court's decision in admitting the challenged evidence "is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Oldaker v. Peters,* 817 S.W.2d 245, 250 (Mo. *banc* 1991).

To establish reversible error, the appellant is required to show not only that the challenged testimony was inadmissible as being propensity evidence, but also that it was prejudicial. *Isa,* 850 S.W.2d at 895. To show prejudice, he must establish to "a reasonable probability that in the absence of such evidence the verdict would have been different." *State v. Nastasio,* 957 S.W.2d 454, 459 (Mo.App. 1997).

The general rule is that the admission of evidence of uncharged misconduct or crimes is inadmissible to show the propensity of a defendant to commit the crime with which he is charged. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). However, "(e)vidence of prior misconduct of the defendant, although not admissible to show criminal propensity, is admissible if the evidence is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, *State v. Sladek*, 835 S.W.2d 308, 311 [Mo. 1992] (quoting *State v. Reese*, [364 Mo. 1221], 274 S.W.2d 304, 307 (Mo. banc 1954)), and if the evidence is legally relevant, that its probative value outweighs its prejudicial effect. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987)." *Bernard*, 849 S.W.2d at 13.

*State v. Rehberg*, 919 S.W.2d 543, 548 (Mo. App.1995).

Evidence of uncharged crimes has been held to be logically and legally relevant and, therefore, admissible to show (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; or (5) the identity of the person charged with the commission of the crime on trial. *Id.* at 13; *Sladek*, 835 S.W.2d at 311. This list is not all inclusive or exhaustive. *Bernard*, 849 S.W.2d at 13. The *Bernard* court also recognized a sixth basis for admission of evidence of uncharged crimes – the signature modus operandi basis.

*Id.*

■ Giving Detective Capps's challenged testimony any reasonable interpretation, it consisted simply of a reference to the fact that he had obtained information from Miller County which proved to be beneficial in his investigation of the forgery charged in the case at bar. As such,

the trial court, in admitting it, could not be convicted of error for admitting inadmissible propensity evidence. Furthermore, even if error, given the overwhelming admissible evidence of the appellant's guilt, it was not prejudicial so as to require reversal. The State provided ample proof to establish the appellant's guilt other than the testimony in question, including that the appellant was originally in a position to steal Whitten's checks, and that he later possessed and attempted to pass one of Whitten's forged checks at A–K Small Engine Works.

■ The appellant also challenges the following testimony of Detective Capps elicited under redirect by the prosecutor:

Q Detective Capps, why was it that you used a single photograph?

A The individual had been already arrested on –

MR. LAWRENCE: Objection, Your Honor.

THE COURT: Approach.

[COUNSEL APPROACHED THE BENCH AND THE FOLLOWING PROCEEDINGS WERE HAD:]

MR. SEYER: He opened it up.

THE COURT: What do you anticipate he is going to say?

MR. SEYER: I anticipate he's going to say that Mr. Scurlock was a suspect in forged checks in Miller County.

MS. HOLDEN [Defense Counsel]: How did he open it up by asking about a photo? That isn't a possibility. He didn't ask him anything about that. Absolutely not.

MR. SEYER: He is allowed to explain why there was a single photograph instead of six photographs.

THE COURT: He should have used more than one photo, that's what his whole questioning was about. The state's allowed to come back and explain and to tell why there was only one photo. The objection is overruled.

[THE PROCEEDING RETURNED TO OPEN COURT.]

THE COURT: Do you recall the question?

WITNESS CAPPS: Yes.

THE COURT: You may answer.

WITNESS CAPPS: This individual already had been arrested and bonded out on the related case to this situation I was working on, and this picture was presented to me as the suspect in that case. The individuals at the A–K said they could recognize the individual if they saw him.

This questioning resulted from cross-examination by the appellant's trial counsel as to why the detective did not use more than one photograph, the appellant's, when questioning the employees at A–K Small Engine Works about the identity of the person who passed the forged check in question, the purpose of his questioning being that this constituted a suggestive and impermissible photo lineup. The appellant objected to this testimony of Detective Capps as being propensity evidence, properly preserving this issue for appellate review. *English*, 795 S.W.2d at 612. Thus, we will review for an abuse of discretion. *Stoner*, 907 S.W.2d at 363.

Detective Capps's testimony did refer to an uncharged forgery in Miller County. However, it did not violate the general rule against introducing propensity evidence of uncharged crimes because it was not introduced to show the appellant's propensity for committing the crime charged. As held in *State v. Bernard*, 849 S.W.2d 10 (Mo. *banc* 1993), evidence of uncharged crimes is admissible as long as it is logically and legally relevant. *Id.* at 13. We find that the evidence in question here was both logically and legally relevant in rebutting the issue raised by the appellant's counsel on cross-examination as to Detective Capps's use of only one photograph in questioning the employees of A–K Small Engine Works as to the identity of the person who passed the forged check.

*State v. Dale*, 874 S.W.2d 446, 453 (Mo. App.1994).

For the reasons stated, the appellant's Point II is denied.

### III.

In his final point, the appellant claims that the trial court plainly erred in failing to declare a mistrial, *sua sponte*, because the prosecutor, in his closing argument, made an impermissible reference to the appellant's post-arrest refusal to give a handwriting sample. We disagree.

" 'The declaration of a mistrial is a drastic remedy to be granted only with extreme caution and in extraordinary circumstances,' " *State v. Ramsey*, 864 S.W.2d 320, 331 (Mo. *banc* 1993) (*quoting State v. Feltrop*, 803 S.W.2d 1, 9 (Mo. *banc* 1991)), " 'where the prejudice to the defendant cannot be removed any other way.' *State v. Jones*, 921 S.W.2d 28, 31–32 (Mo. App.1996). 'Because the trial court is in a better position to evaluate the prejudicial effect on the jury, its decision not to grant a mistrial is granted enormous discretion.' *State v. Danback*, 886 S.W.2d 204, 209 (Mo.App.1994)." *State v. Wyman*, 945 S.W.2d 74, 77 (Mo.App.1997).

The appellant concedes that he did not preserve this claim for appeal and requests plain error review under Rule 30.20. As discussed, *supra*, an appellant has a significant burden in order to succeed on a claim of plain error. This burden is further compounded when the claim of plain error is improper closing argument requiring the trial court to declare, *sua sponte*, a mistrial. "Relief should rarely be granted on assertions of plain error as to closing argument because, 'in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention.' " *Silvey*, 894 S.W.2d at 670 (*quoting State v. Clemmons*, 753 S.W.2d 901, 907–08 (Mo. *banc* 1988)). Plain error review should rarely be grant-

ed as to closing argument, "'for trial strategy looms as an important consideration and such assertions are generally denied without explanation.'" *State v. Cobb,* 875 S.W.2d 533, 537 (Mo. *banc* 1994) (*quoting State v. Wood,* 719 S.W.2d 756, 759 (Mo. *banc* 1986)); *see also Wyman,* 945 S.W.2d at 77.

 During his closing argument, the prosecutor made the following comment, to which the appellant now objects:

> I want you also to recall, though, the testimony of Corporal Mace, the former highway patrolman. At the one time – well, actually, at a time when the defendant had an opportunity to exonerate himself, to prove his innocence, the defendant chose to bypass that opportunity. And I'll leave you to decide whether it is more or less reasonable – whether that decision was reasonable or not.

As the appellant claims in his brief, this was a comment on his failure to give a handwriting sample. The appellant contends that this reference not only was an impermissible comment on his post-arrest silence, but unfairly shifted the burden to him to prove his innocence, in violation of his constitutional rights to due process, a fair trial, and to remain silent.

Rule 25.06(B)(6) permits the State to seek by motion a court order to obtain a handwriting sample from a defendant upon a showing of good cause. The failure to comply with such an order opens the door to the State to comment at trial on this fact as being evidence of consciousness of guilt. *State v. Phillips,* 940 S.W.2d 512, 519 (Mo. *banc* 1997). In *Phillips,* the court held that such comment in closing argument was not an impermissible comment on the defendant's post-arrest silence or an impermissible shifting of the burden of proof, as the appellant claims here. *Id.* However, unlike in *Phillips,* in our case there was never a court order requiring the appellant to provide the handwriting sample. Thus, there is a question as to whether this distinction would lead to a different result here. However, we need not answer this question, in that we fail to find plain error on the face of things and even if we were to decide that there was plain error, we do not find manifest injustice or a miscarriage of justice to reverse given the other evidence in the case that was sufficient to convict.

Point denied.

## Conclusion

The circuit court's judgment of the appellant's jury conviction of one count of forgery, § 570.090.1(1), is affirmed.

All concur.