**STATE of Missouri, Respondent,**

v.

**Robert W. HAMMERS, Appellant.**

**No. 44641.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 17, 1983.

Motion for Rehearing and/or Transfer Denied July 6, 1983.

---

210

William J. Shaw, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of robbery in the first degree in violation of § 569.020, RSMo. 1978. The court found defendant to be a dangerous and persistent offender and sentenced him to 25 years' imprisonment.

Defendant relies on two points on appeal, and neither involves the sufficiency of the evidence.

In his first point, defendant contends, "[t]he trial court erred in overruling the appellant's motion for a new trial, specifically, point 15, in that the cumulative effect of persistent prosecutorial misconduct was to distract the jury from the material issues in the case and deny the appellant a trial on the evidence adduced in court."

Defendant's most serious complaints go to questions the prosecutor asked and comments he made during his closing argument. Defendant contends he was prejudiced by the prosecuting attorney's questions to one of the police officers about the officer's acquaintance with defendant and by the prosecuting attorney's reference during final argument to the same matter. The officer had seen a composite drawing of the robber made by the victim, and he identified the person in the drawing as defendant. The prosecuting attorney, there-

fore, in order to establish a foundation for the officer's identification of defendant, questioned the officer about the length of the officer's acquaintance with defendant and the frequency with which he saw defendant. Then in closing argument, the prosecuting attorney referred to the frequency with which the officer saw defendant. Defendant contends the questions and the comment suggested to the jury that defendant "was a police character with a history of criminal involvement with the police." We cannot agree. "It is well known that most police officers have a wide acquaintance among the citizenry in general and the fact that a person is known to a police officer does not necessarily· convey the impression that he has a criminal record." *State v. Knicker,* 424 S.W.2d 605, 608 (Mo.1968), *quoting, State v. Pitchford,* 324 S.W.2d 684, 688 (Mo.1959); *State v. Boykins,* 541 S.W.2d 90, 91 (Mo.App.1976). The prosecutor's comment and questions were not improper.

■ Defendant next contends he was prejudiced by the prosecutor's references to defendant's name and description having been in a police computer before the defendant was arrested for this crime. Defense attorney elicited the first reference to defendant's pedigree having been in the computer when she cross-examined a police officer. Because she neither objected to the officer's answer nor moved to have the answer stricken, she waived her objection to the prosecuting attorney's references to the computer. *State v. Brock,* 273 S.W.2d 166, 167 (Mo.1954).

■ Defendant also contends he was prejudiced by the prosecutor's alleged implication during closing argument that he had information indicating defendant's guilt that he could not present to the jury. Defense counsel made a timely general objection to the allegedly improper comment, and the court immediately sustained the objection. Defense counsel sought no further relief at that time; therefore, defendant cannot complain about the court's refusal to grant a new trial. *State v. Ashley,* 616 S.W.2d 556, 560 (Mo.App.1981).

■ Under this same point, defendant also complains about various acts by the prosecuting attorney which, defendant alleges, distracted the jury and prejudiced defendant. Defendant contends the prosecuting attorney shammed a coughing fit, fidgeted and made noise, made faces, spoke too loudly during a bench conference, and repeatedly and erroneously said, in front of the jury, that defendant was making improper remarks during the course of the trial. Defendant acknowledges this conduct is not clear in the record and is difficult to evaluate on appeal. We find that the state of the record before us clearly does not warrant a reversal. We rule this first point against defendant.

In his second point, defendant contends the trial court erred in overruling his motion to suppress the robbery victim's testimony about his pretrial identification of defendant and his in-court identification of defendant. Defendant contends the out-of-court identification was made under circumstances so impermissibly suggestive and conducive to mistaken identification that defendant was deprived of his rights to due process and that the in-court identification was fatally tainted by the suggestive out-of-court identification procedures.

■ We need not determine whether the pretrial identification procedures were suggestive because the victim's in-court identification was based on his observations of the defendant at the time of the crime and was reliable. *State v. Higgins,* 592 S.W.2d 151, 160 (Mo. banc 1979), *appeal dismissed,* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). The Missouri Supreme Court very recently stated the standards by which the reliability of an in-court identification should be judged:

[T]he reliability of an in-court identification is assessed under the "totality of the circumstances." *Coleman v. Alabama,* 399 U.S. 1, 5 [90 S.Ct. 1999, 2001, 26 L.Ed.2d 387] (1970). Factors to be considered in determining whether identification testimony is sufficiently reliable that admittance at trial will not violate

defendant's right to due process include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal; (4) the degree of certainty demonstrated by the witness at the confrontation and (5) the length of time between the crime and the confrontation. *Neil v. Biggers,* 409 U.S. 188, 199 [93 S.Ct. 375, 382, 34 L.Ed.2d 401] (1972); *State v. Higgins,* 592 S.W.2d 151, 160 (Mo. banc 1979).

*State v. Littleton,* 649 S.W.2d 225 at 227 (Mo. banc April 26, 1983).

In this case, the victim testified that on the evening of the crime he observed the defendant from a distance of no more than 10 feet for 15 or 30 seconds. Further, he testified that the office where the robbery occurred was brightly lit and that he was consciously observing the robber in order to give police a description of him. After the robbery, the victim immediately called the police and described the robber. Although there were a few discrepancies between the victim's description and defendant's appearance, there were many similarities. The composite drawing made by the victim resembled defendant so closely that a police officer was able to identify the person in the drawing as defendant. About one week after the robbery, the victim unequivocally identified defendant during the photo display, and the next day, he unequivocally identified him during the line-up. Finally, he identified defendant at trial without hesitation or equivocation. In view of all the circumstances, the victim's identification of defendant was reliable, and the court properly overruled defendant's motion to suppress it.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.