**STATE of Missouri, Respondent,**

v.

**Henry Bryant JOHNSON, Appellant.**

**No. 46209.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 25, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Dec. 28, 1983.

Application to Transfer Denied
Feb. 15, 1984.

Henry Robertson, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of robbery in the first degree, § 569.020, RSMo.1978. The trial court found him to be a persistent offender and sentenced defendant to thirty years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. On July 19, 1981, the car in which Michael Davidson, his girlfriend and her small child were driving stalled. Believing it might be flooded, they waited in the car, listening to Davidson's portable radio. The girlfriend looked up, however, to find a man, later identified by Davidson as defendant, standing by the passenger door with a handgun aimed at her head. He demanded money, and left with the two men who accompanied him, after taking five dollars and the radio.

Police were summoned. Davidson described the gun wielding robber, as well as the chrome .38 caliber revolver used in the robbery. On July 23, 1981, police went to defendant's home on an unrelated matter. They arrested defendant and seized a revolver from his waistband. Davidson later identified the gun as the same one used in the robbery.

On July 28, 1981, police showed Davidson a stack of photographs, from which he unhesitatingly selected the photograph of defendant. At a line-up held the next day, he again identified the defendant. Thereafter, while defendant was in custody on the unrelated charges, he was informed that he would be charged with the armed robbery of Davidson.

In his first point on appeal, defendant alleges plain error in the trial court's failure, *sua sponte*, to declare a mistrial when the prosecutor, in closing argument, stated that Davidson had been a military police officer trained to observe. According to defense counsel, this comment was in defiance of the court's trial ruling and was intended to impress the jury with forbidden matters. After reviewing the record, we find no error, much less plain error.

It is well settled that where, as here, a litigant objects to a trial event, invokes specific relief and is granted the full request, he cannot complain that the trial court did not do more. *State v. Hammers*, 654 S.W.2d 209, 211 (Mo.App.1983); *State v. Smith*, 637 S.W.2d 232, 238–39 (Mo. App.1982). Out of the hearing of the jury, the court in the present case indicated it would permit no questions concerning the observational skills of military police officers. The questions asked on direct examination concerning Davidson's military background were objected to by defendant and sustained by the court. Davidson did not answer the questions and, therefore, the issue of his observational skills due to training was not before the jury.

The only reference to the observational power of military police officers came during closing argument. Defendant objected; the court sustained the objection. The defendant then asked that the jury be instructed to disregard the comment. The court promptly admonished the jury as requested. However, no request for a mistrial was made. In light of this record, we find no error in the trial court's failure, *sua sponte*, to declare a mistrial.

In his second point, defendant contends that he was arraigned more than ten days

after his indictment, in violation of both his statutory and constitutional rights to a fair trial. § 545.780, RSMo.1978; U.S. Const. Amend. VI.[1] We find no merit to his contention.

Defendant was arrested on unrelated charges on July 23, 1981. On July 29, 1981, he was informed by investigating police officers while in jail on other charges that he would be charged with the July 19, 1981 armed robbery of Michael Davidson. Defendant was indicted for first degree robbery on September 21, 1981, however, the indictment was suppressed since defendant was thought to be at large. Indeed, a capias warrant for defendant's arrest for issued October 5, 1981. However, defendant had remained in police custody on the other charges. The indictment was made public on February 10, 1982; defendant was arraigned that same day. Thereafter, his attorney engaged in discovery; he further requested and received three continuances to prepare defendant's case. The matter was tried on June 28, 1982. Defendant's motion to dismiss the indictment was raised on the day trial commenced and was overruled by the trial court at that time.

Defendant argues that his arraignment was untimely since § 545.780.1, RSMo.1978, requires arraignment within ten days of "making the indictment public." He contends that his indictment should have been made public September 21, 1981, and was not due to the state's mistaken belief that he was not in custody.

◼ Whether the clock starts to run at the time the indictment was returned, and should have been made public, or at the time it actually was made public, need not be decided in this case since the violation, if any, was waived by the defendant. Defendant did not raise the issue until the day of trial. Yet, following his arraignment, he engaged in discovery and sought three continuances, each of which were granted.

Those procedural events were initiated by and for the ostensible benefit of defend-

ant after his arraignment during a span of time when he knew he had not previously been timely arraigned. His inordinate delay in waiting until the time of trial to move for dismissal ... on the ground that he had not been timely arraigned, coupled with the fact that the procedural events he engaged in heralded preparation for a forthcoming trial, bespeak a conscious waiver of any rights of dismissal ... because of untimely arraignment.

*State v. Reed,* 640 S.W.2d 188, 190 (Mo.App. 1982).

◼ Nor do we find defendant's constitutional rights to a speedy trial violated. U.S. Const.Amend. VI. There is no specific timetable for determining speedy trial rights. *Barker v. Wingo,* 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972). However, the Supreme Court in *Barker v. Wingo,* set forth four considerations to determine speedy trial rights: the length of the delay; the reasons assigned by the prosecution to justify the delay; whether the defendant made timely assertion of his right to a speedy trial; and whether the delay resulted in prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192. *See State v. Holmes,* 643 S.W.2d 282, 286 (Mo.App. 1982). Applying these factors to the present case, we find no violation of defendant's rights.

The delay from the time of arrest to arraignment amounted to little more than seven months, during which time defendant was already incarcerated in another matter. Defendant, moreover, failed to raise the issue until the day of his trial. Likewise, we find no prejudice from the delay since defense counsel was granted three continuances in order to adequately prepare for trial. At trial, his counsel presented no witnesses in his defense, but rather, chose to attack the memory of state's witnesses. Thus, any loss of memory resulting from delay only served to benefit the defendant.

---

1. We note that defendant's trial commenced June 28, 1982, which is only 139 days after his arraignment on February 10, 1982, in compli-

ance with the requirement set forth in § 545.-780.2, RSMo.1978.

Also lacking merit is defendant's contention that the trial court erred in refusing his oral motion to suppress the gun allegedly used in the robbery. The motion was not in writing, as required by § 542.-296.2, RSMo.1978. Moreover, the defendant had sufficient prior knowledge of the state's possession of the gun so as not to be surprised by its introduction into evidence. *State v. Gorman,* 584 S.W.2d 420, 423 (Mo. App.1979). The police report in defendant's possession identified the weapon, and defendant had previously been tried for the unlawful possession of the same weapon. Thus, defendant cannot contend he was unaware of the gun's existence, as is required to make the motion timely. § 542.296.3, RSMo.1978.

Lastly, we reject defendant's contention of error in the trial court's overruling defense objections to certain leading questions and refusing to admonish the prosecutor a second time, as defendant requested. The extent to which leading questions will be permitted is a matter in the trial court's discretion and, absent abuse, will not constitute reversible error. *State v. Myers,* 538 S.W.2d 892, 896–97 (Mo.App. 1976). Since the trial court sustained defense objections to leading questions whenever warranted, and admonished the prosecutor to refrain from such conduct, as defense counsel requested, we find no abuse of discretion.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.