**STATE of Missouri, Respondent,**

v.

**Orlando RHODES, Appellant.**

No. 59614.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 10, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 1992.

Application to Transfer Denied
June 2, 1992.

Elizabeth R. Brown, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Appellant, Orlando Rhodes, appeals his jury conviction of attempted robbery in the first degree and armed criminal action for which he was sentenced to concurrent terms of seven and three years respectively.

On appeal, appellant's sole contention is that the trial court erred in denying his motion for mistrial for prejudice premised upon a statement by a state's witness which placed evidence of uncharged misconduct before the jury as such statements violated his sixth amendment right to a fair trial and his fourteenth amendment due process right to be tried only for the offense charged. We affirm.

The evidence adduced at trial, viewed in a light most favorable to the jury's verdict, reveals the following: Mr. Soon Kim (Kim) was the proprietor of Lucky's Market at 5900 Minerva in St. Louis, Missouri where .he worked as a cashier behind a metal cage located in the store. On May 1, 1991, Kim watched as two men entered the store and began playing video games. Later, one of the men began to shake the metal cage. Kim exited the cage to assess the situation and he noticed that one of the men had a gun. Kim, fleeing from the store out of fear, was shot in the back.

At a police line-up, Kim identified Deandre Glenn as the man who shook the metal cage, but stated that he was not the man who shot him. At trial, Glenn implicated the appellant in the incident at the market by placing him at the scene of the crime and claiming appellant both instigated the robbery and shot Kim. Glenn testified in exchange for the state's promise to nolle prosequi the charges of assault and armed criminal action and he agreed to plead guilty to the attempted robbery charge and accept whatever sentence the appellant received for this charge.

Appellant asserts that the trial court erred in denying his motion for mistrial resulting from a statement by Glenn elicited on cross-examination which brought evidence of uncharged misconduct before the jury, thus violating his right to be tried for the offense with which he was charged. The context in which the remarks were made is as follows:

[Prosecutor] Q: Did you have a gun?

[D. Glenn] A: No.

Q: When is the first time you saw the defendant with a gun?

[Defense Counsel]: Objection, Your Honor, to the vagueness of this question.
[The Court]: Overruled. Do you understand the question?
A: Yes.
[The Court]: You may answer.
A: It was about three years ago—first time I saw him with one.
[Defense Counsel]: Objection, may we approach the bench?
[The Court]: On this date?
A: I did see him with one.
[The Court]: Hang on.
(The following proceedings took place at the bench.)
[The Court]: Go ahead.
[Defense counsel]: Your Honor, I originally objected to the vagueness of this question for this specific reason, because I knew that something like this was the possibility [sic] of happening; and now this witness has put my client an [sic] uncharged crime in possession of a weapon three years beforehand, and I'm going to ask that I object [sic] granted a mistrial at this point because of evidence of uncharged crimes from this witness, or in the alternative, that I might be allowed to pursue the fact that this witness has had guns and has shot at his father's car.
[Prosecutor]: That's not an appropriate remedy. It's evidence of other crimes, possibly. Her finding that her client may have been in possession of a weapon at some time preceding [sic], I know of no law that's been violated.
[Defense counsel]: Why was the question asked, "Did you ever see him with a gun?"
[Prosecutor]: It's not a question—I will not object to her asking for a mistrial. If that's what she wants.
[Defense counsel]: What I would rather have is the ability to ask this witness the same question put [sic] him in possession of a gun, too.

Although the transcript reveals that the trial court indicated its intention to overrule the objection, it is obvious that the objection was sustained:

Ladies and gentlemen, I have sustained defense counsel's objection. You are to disregard it, and it is stricken from the record, the last statement of the witness. Sir, listen to the question and answer the question directly. Let us proceed.

The record indicates that the trial court may have considered the evidence of appellant's uncharged misconduct inadmissable and so instructed the jury. In addition to sustaining the objection and informing the jury to disregard the statement, defense counsel was granted the latitude to cross-examine Glenn regarding his weapons history, subject only to a future ruling by the court. Incidentally, defense counsel never took advantage of this.

■■■ It is well-established that where a litigant objects to a trial event, invokes specific relief and is granted the full request, that he is precluded from complaining that the trial court did not do more. *State v. Johnson,* 663 S.W.2d 265, 266[1, 2] (Mo.App.1983). Nonetheless, appellant argues he was entitled to a mistrial and further that the trial court's admonition failed to clearly instruct the jury to disregard the inadmissible testimony. Glenn's statement that he had seen the appellant with a gun three years before arguably lacks a legitimate evidentiary basis thereby rendering it inadmissible. However, the mere fact that the evidence came in is not conclusive. In order for error to warrant a mistrial it must be prejudicial. See *State v. Minton,* 782 S.W.2d 134, 137[5] (Mo.App.1989).

■■ Appellate review for failure to grant a mistrial is limited to a determination of whether failure was an abuse of discretion. *State v. Williams,* 652 S.W.2d 102, 111[11–13] (Mo. banc 1983). It is well-established that a motion for mistrial is addressed to the sound discretion of the trial judge. *State v. Purnell,* 621 S.W.2d 277, 283[7–8] (Mo.1981). Indeed, the declaration of a mistrial is a drastic remedy and should be granted only when the incident is "so grievous that the prejudicial effect can be removed no other way." *State v. Camper,* 391 S.W.2d 926, 928[2–4] (Mo. 1965). Accordingly, the decision of the trial court will be disturbed on appeal only when the record shows a manifest abuse.

*State v. Lee*, 654 S.W.2d 876, 879[3] (Mo. banc 1983).

First, appellant argues that the admonishment to disregard could not erase the prejudicial effect of Glenn's testimony and a mistrial should be granted. It is recognized that the prejudicial effect resulting from improperly admitted evidence may be so great as to warrant a mistrial. However, many cases stand for the proposition that the drastic remedy of a mistrial need not be used to remove the prejudice. See e.g. *State v. Vinson*, 800 S.W.2d 444, 446[2] (Mo. banc 1990). Rather, the prejudicial effect can be removed by striking the testimony and instructing the jury to disregard it. See *State v. Harris*, 547 S.W.2d 473, 475[1] (Mo. banc 1977).

It is well-settled that where the remarks are vague, indefinite and do not refer to a specific crime that the action of the trial court of denying a motion for mistrial does not constitute reversible error. See *State v. Sloan*, 786 S.W.2d 919, 922[5] (Mo.App. 1990). Here the remark by Glenn was a vague reference to uncharged gun possession, thus a mistrial is not warranted.

Moreover, a review of the trial transcript reveals that the reference to the appellant's prior possession of a gun was an isolated incident and the subject was never again mentioned. See *Sloan*, 786 S.W.2d at 922[5]. In order to invoke the rule that evidence which tends to prove other crimes is inadmissible, there must be evidence that the defendant has committed, or has been accused of, charged with, convicted of, or been definitely associated with, another crime or crimes. *State v. Garcia*, 682 S.W.2d 12, 13 (Mo.App.1984). The statement by Glenn did not imply that. Moreover, under certain circumstances mere possession of a gun is not a crime. Here there was no indication of the circumstances in which the possession occurred thus minimizing the prejudice, if any.

Second, appellant claims that the trial court's admonition failed to clearly instruct the jury to disregard the inadmissible testimony. Appellant relies on *State v. Chapman*, 627 S.W.2d 597 (Mo.1982), where it was held that because there was no clear admonition from the trial court to the jury to strike the question and answer, the prejudice warranted a mistrial. *Chapman*, 627 S.W.2d at 600[5]. In *Chapman*, the prejudice resulting from this inadmissible hearsay testimony directly implicated the defendant with the crime charged. The court in *Chapman* explained that the nature of the information and the language purportedly used by appellant was such that it would tend to remain in the jurors' memory. Id. Indeed, the question was such that neither it nor the answer would be easily forgotten. Id.

Appellant asserts that the prejudicial impact of Glenn's testimony remained since the trial court failed to clearly instruct the jury not to consider Glenn's claim of having seen Orlando Rhodes with a gun three years before. The witness' last statement before the bench conference was "I did see him with one" but, it was Glenn's previous statement that put the evidence of uncharged misconduct before the jury. However, it is clear that the judge's remarks were directed at both the question objected to and the answer elicited therefrom. Because the witness' last statement was not in response to a question and was not objected to, the judge's instruction to disregard was effective.

Furthermore, the question and answer did not contain the details nor inflammatory nature found objectionable in *Chapman*. The alleged prejudicial comment did not directly implicate the defendant with the crime charged. *Chapman* does not require a mistrial on every case where a somewhat vague admonition from the trial court to the jury occurs.

Thus, we conclude that although the testimony was perhaps inadmissible evidence of uncharged misconduct, appellant was not prejudiced in a manner demanding a mistrial. No abuse of discretion having been demonstrated, appellant's claim of error is not meritorious. Judgment affirmed.

CRANDALL, P.J., and AHRENS, J., concur.