STATE of Missouri, Respondent,

v.

Christopher L. STONER, Appellant.

Christopher STONER, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 48025, WD 49960.

Missouri Court of Appeals,
Western District.

Oct. 10, 1995.

James C. Cox, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and ELLIS, JJ.

ULRICH, Judge.

Chris Stoner appeals from his conviction after jury trial of tampering in the first degree, Section 569.080.1(2), RSMo 1994, and imprisonment sentence of twenty years. He claims the trial court erred in (1) overruling his objection to the state's question relating to the testifying police officer's past experience presenting photo arrays to witnesses for suspect identification and (2) in allowing the State during argument to refer to the car driven by Mr. Stoner as a "getaway car." Mr. Stoner also appeals denial of his Rule 29.15 post-conviction relief motion following an evidentiary hearing. Mr. Stoner claims his trial counsel was ineffective in failing to object to the use of the term "getaway car". The appeals are consolidated.

The judgment of conviction and the denial of the Rule 29.15 post-conviction motion are affirmed.

In the evening hours of December 4, 1992, Officer Scott Lyons, Raytown Police Department, saw a vehicle without headlights on, fail to stop at a stop sign and continue at a high rate of speed westbound on 63rd street. Officer Lyons activated the emergency equipment of the vehicle he was driving and followed the speeding vehicle. Officer Shawn Vaughan heard officer Lyons call for assistance by radio and responded, following Officer Lyons in trace. The absconding driver lead the two police officers in a chase that exceeded 100 miles per hour on an interstate highway. Officer Lyons radioed information to authorities and repeatedly described the individual driving the vehicle being chased.

The subject of the chase, travelling at 100–120 miles per hour, applied the brakes of the vehicle he was driving and drove onto the grassy median. Officer Lyons drove down the slope of the median with the lights of the vehicle he drove shining toward the car driven by the suspect. Officer Vaughan parked behind officer Lyons' vehicle. Exiting the vehicle he had driven, the suspect reached into the vehicle and shifted the transmission into reverse. He then turned to where Officer Lyons distinctly saw his face before he ran from the scene. Officer Vaughan followed the fleeing male afoot while Officer Lyons attempted to stop the moving vehicle the suspect had driven.

Officer Vaughan followed the suspect across the highway and down an embankment to a fence. Officer Vaughn was several feet behind the running suspect and tried to catch him before he traversed the fence. Although the police officer was unable to catch the man, he was close enough to touch the back of the suspect's shoe. Officer Vaughan continued to follow the suspect over the fence and through a wooded area that was thick with thorns. It was here that he lost the fleeing suspect, and the officer returned to the highway. On his way back to the highway, he communicated by radio a description of the suspect. An officer with the Kansas City Police Department heard the transmission and drove to an area near the woods. She observed a man matching the suspect's description, covered with mud and stickers, visibly out of breath. She detained the man until Officer Vaughan arrived and identified the detainee as the person he had been pursuing.

Later, Officer Lyons was shown several pictures of different persons, one photo being of Mr. Stoner. He identified Mr. Stoner's photograph from the several photos shown to him by detective Mark Weiss, Raytown Police Department, as appearing to be the man who had driven the vehicle he had chased.

He noted the similar features of the man depicted in the selected photo and the man whom he had seen exiting the vehicle he had chased. Officer Lyon noted similarity in the shape of the eyes, head, hair, position of the ears, slope of the chin, and the distinctive nose of the man depicted in the photograph he selected and the man he had chased, and the combination of these features as the reason for his selecting Mr. Stoner's photograph from those he was shown.

Christopher Stoner was charged with one count of tampering in the first degree, Section 569.080.1(2) RSMo 1994, and the jury found him guilty of the offense. The trial court sentenced him to twenty years imprisonment.

## I.

Mr. Stoner claims as his first point on appeal that the trial court erred in allowing Detective Weiss to testify, over his objection, whether he had ever experienced an occasion when displaying a photographic array that a prospective witness was unable to positively identify a suspect. The pertinent questions and answers posed by the prosecuting attorney to Detective Weiss on direct examination were:

Q. Approximately how many different show-up folders have you yourself put together?

A. Over a hundred.

Q. And when you presented them to different witnesses and different victims and officers over your experience, have people been unable to identify someone from a show-up folder?

Defense counsel: Objection, Your Honor; it's irrelevant.

The Court: Overruled.

Q. (Prosecuting attorney) You may answer the question. Has anybody not been able to pick somebody out?

A. Yes, they have.

Mr. Stoner asserts this evidence was irrelevant to the crime charged and unfairly bolstered the identification of his client's photograph from those shown to Detective Lyon by Detective Weiss.

■ Trial courts enjoy broad discretion in admitting evidence. *State v. Henderson,* 826 S.W.2d 371, 374 (Mo.App.1992). The trial court's decision will not be disturbed unless a clear abuse of discretion is shown. *Id.*; *Koontz v. Ferber,* 870 S.W.2d 885, 891 (Mo. App.1993). Abuse of discretion is shown when the trial court's ruling is "clearly against logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Id.* at 891, quoting *Oldaker v. Peters,* 817 S.W.2d 245, 250 (Mo. banc. 1991).

■ The appellant must satisfy a dual burden to cause reversal of conviction. Not only must he prove that the admission of the evidence was error, he must also demonstrate that the error was prejudicial. *State v. Isa,* 850 S.W.2d 876, 895 (Mo. banc 1993); *State v. Henderson,* 826 S.W.2d 371, 374 (Mo.App.1992).

Mr. Stoner cites two cases as support for his position. The current situation is distinguishable from the two cases he cited. In *State v. Scott,* 687 S.W.2d 592, 594 (Mo.App. 1985), and *State v. Booker,* 631 S.W.2d 854, 857 (Mo. banc 1982), inquiry was made on cross-examination by defense counsel. The questions asked were broad, such that they would require further inquiry and explanation. In *Scott,* defense counsel asked if the victim-witness who had identified the defendant as the person who had robbed her had ever been mistaken in identifying anyone. In *Booker,* defense counsel inquired about the victim-witness' prior dealings with African–Americans. The witness in *Booker* had also identified the defendant as the person who had robbed her. The trial courts did not abuse their discretion in either case in sustaining objections to the questions and in precluding defense counsel's inquiry.

■ In this case, the question was posed during direct examination. It was a simple question requiring little, if any, explanation. Little risk of straying into collateral matters existed, and the evidence sought was relevant to the identification process. The trial court did not err in allowing Detective Weiss to answer the question. The answer given

by Detective Weiss did not bolster the identification of the appellant but merely served to establish Detective Weiss's experience in this type of procedure. Additionally, if photographic identification is relevant, the state is permitted to prove the identification by any competent testimony. *State v. Harris*, 711 S.W.2d 881, 884 (Mo. banc 1986). The trial court properly exercised its considerable discretion in admitting this evidence which pertained to the identification.

However, even if the admission of the evidence had constituted error, Mr. Stoner failed to establish that such admission was prejudicial. Absent a showing that the evidence inflamed the jury or diverted its attention from the issues to be resolved, admitted evidence, even if irrelevant, will not constitute prejudicial error. *State v. Mills*, 809 S.W.2d 1, 4 (Mo.App.1990). Mere allegations of prejudice are insufficient to meet the burden of establishing prejudicial error. *State v. Isa*, 850 S.W.2d 876, 895 (Mo. banc 1993). Nothing in the record reveals that the testimony elicited from Detective Weiss prejudiced Mr. Stoner. Point one is denied.

## II.

For his second point on appeal Mr. Stoner claims the trial court erred in allowing the state to use the term "getaway car" during argument in that this reference to the vehicle driven presented inadmissible evidence of other crimes and violated the sustained motion in limine. No objection was made during trial. Where the issue is not properly preserved, the issue is reviewed for plain error only. *State v. Jimmerson*, 891 S.W.2d 470, 472 (Mo.App.1994); *State v. Givens*, 851 S.W.2d 754 (Mo.App.1993).

Relief is granted for plain error only when there has been manifest injustice or a miscarriage of justice. *Jimmerson* at 472. Plain error is one that is evident, obvious and clear. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992). To show manifest injustice or miscarriage of justice resulting from erroneous introduction of evidence there must be apparent prejudice. *Jimmerson* at 472.

Generally, evidence of prior crimes is inadmissible to infer that the accused also committed the crime charged. *State v. Harris*, 870 S.W.2d 798, 810 (Mo. banc 1994). The motion in limine also prohibited any evidence of other crimes or misconduct, specifically evidence concerning the uncharged burglary. However, to violate this rule, the evidence must show that the defendant committed, had been accused of, has been convicted of, or definitely was associated with the crime. *State v. Rhodes*, 829 S.W.2d 41 (Mo.App.1992). Vague remarks cannot be characterized as clear evidence to associate defendant with other crimes. *State v. Hornbuckle*, 769 S.W.2d 89, 96 (Mo. banc 1989), *cert. denied* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989).

In *State v. Jones*, 578 S.W.2d 286 (Mo.App. 1979), the police officer commented that the defendant was "already wanted". The defendant claimed this comment referred to other crimes. The Court held that the comment was vague, indefinite and lacked any specific reference to another offense and therefore did not necessitate reversal. *Id* at 288. *See also State v. Sanders*, 761 S.W.2d 191, 192 (Mo.App.1988).

This situation is similar to the vague reference in *Jones* that the defendant was "already wanted." Here the term "getaway" car was vague and made no specific reference to another crime. Apparent prejudice is absent when the evidence supports the terminology used. Mr. Stoner led police on a high speed chase for several miles in the car referred to, and the vehicle could reasonably have been referred to as "the getaway car."

Additionally, improper arguments do not amount to manifest injustice unless they are decisive to the outcome of the trial. *Id., citing State v. Plummer*, 860 S.W.2d 340, 349 (Mo.App.1993). The burden is on the defendant to prove the decisive significance. *State v. Parker*, 856 S.W.2d 331, 333 (Mo. banc 1993). In this case ample evidence was presented to support the jury's guilty verdict. The officers followed Mr. Stoner as he drove the speeding vehicle and observed his clothing during the chase. They distinctly saw his face after he exited the vehicle in the median of the interstate

highway. Officer Vaughan observed his appearance during the foot chase through the woods. The officers' eyewitness testimony acknowledging Mr. Stoner's identity as the fleeing driver, not reference to a getaway car in the prosecutor's opening argument, determined the outcome of this case.

Point two is denied.

### III.

Mr. Stoner's third point on appeal claims error in the trial court's denial of his Rule 29.15 Motion for post-conviction relief. Mr. Stoner alleges ineffective assistance of counsel based on trial counsel's failure to object to the prosecutor's statement that appellant was driving a "getaway car." Review of the Motion Court's denial of post conviction relief is limited to determining whether the findings of fact and conclusions of law are clearly erroneous. *State v. Nolan*, 872 S.W.2d 99, 104 (Mo. banc 1994); Rule 29.15(j). Findings and conclusions are clearly erroneous if after review of the entire record the appellate court is left with a definite and firm impression that a mistake has been made. *Dehn v. State*, 895 S.W.2d 55, 58 (Mo.App.1995); *Sidebottom v. State*, 781 S.W.2d 791, 795 (Mo. banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990)

In order to establish a claim for ineffective assistance of counsel, a movant must satisfy two elements. First, the defendant must show that counsel's performance was deficient and second, that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Prejudice exists only when trial counsel's failure to act is determinative on the outcome. *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc 1994). The movant's burden is to prove these elements by a preponderance of the evidence. *Antwine v. State*, 791 S.W.2d 403, 406 (Mo. banc 1990), *cert. denied* 498 U.S. 1055, 111 S.Ct. 769, 112 L.Ed.2d 789 (1991). Rule 29.15(h). Appellant must overcome the presumption that counsel is competent. *Harris*, 870 S.W.2d at 814.

Mr. Stoner's argument for ineffective assistance is premised on the argument he raised in point II. Much of the argument portions in the brief are identical. No error having been determined in allowing the prosecutor's reference to the term "getaway car," Mr. Stoner was not prejudiced by counsel's failure to object to this statement.

Point three is Denied.

The judgment of conviction and the judgment denying the Rule 29.15 post conviction motion are affirmed.

All concur.