STATE of Missouri, Respondent,

v.

Carl BICKHAM, Appellant.

No. WD 48726.

Missouri Court of Appeals,
Western District.

March 5, 1996.

Jarrett Aiken Johnson, Assistant Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, P.J., and
BRECKENRIDGE and SMITH, JJ.

ULRICH, Presiding Judge.

Carl Bickham appeals his conviction following a jury trial of three counts of assault in the first degree, § 565.050, RSMo 1994, and three counts of armed criminal action, § 571.015, RSMo 1994. Mr. Bickham was sentenced to a total of forty-four years imprisonment. He claims that the trial court erred in allowing evidence pertaining to incidents of robbery which amounted to evidence of other crimes. He also appeals the denial of his Rule 29.15 motion for postconviction relief without an evidentiary hearing.

The judgment is affirmed.

The evidence is viewed in the light most favorable to the verdict. On August 2, 1991, Terry Kreissler, Scott Thomason and Shawn Cobb attended a party at an abandoned house. After fifteen to twenty minutes they decided to leave. As Mr. Cobb was exiting the back door, Mr. Bickham demanded that Mr. Cobb give him a beer. Mr. Cobb told Mr. Bickham to say please. At this time Mr. McCowan intervened and claimed to have a gun. Mr. Cobb turned away from the confrontation and started to walk away. Mr. Kreissler and Mr. Thomason followed him.

Mr. Bickham and his friends pursued Mr. Cobb and his companions and began beating them with fists, feet, a bat and a metal pipe. Mr. Cobb testified that he heard someone yell "hey" and was then hit with a metal pipe. Mr. Bickham then struck Mr. Cobb with the pipe across the knees. Mr. Bickham continued to beat Mr. Cobb, repeatedly swinging the pipe across his back and kicking him until he lost consciousness. While attempting to assist their friend, Mr. Thomason and Mr. Kreissler were also struck. Mr. Thomason and Mr. Kreissler managed to leave the area and get their truck. They pulled the truck into the area where Mr. Cobb lay unconscious in an effort to rescue him and take him to the hospital. While they were trying to place Mr. Cobb in the back of the truck, Mr. Bickham demanded that Mr. Thomason give him his hat and wallet. Mr. Thomason gave Mr. Bickham the hat and then told Mr. Kreissler to go. They drove directly to the hospital. Mr. Cobb had suffered a skull fracture, broken rib and broken kneecap. He was hospitalized for twelve days. Mr. Kreissler suffered a separated shoulder and Mr. Thomason suffered a hematoma as a result of the attack.

Mr. Bickham was charged with three counts of assault in the first degree and three counts of armed criminal action. A jury found him guilty on all six counts. Mr. Bickham filed a timely pro se Rule 29.15 motion. The motion court denied his motion for postconviction relief without an evidentiary hearing. The appeals have been consolidated.

## I. Admission of Evidence

■ Mr. Bickham's first point on appeal claims that the trial court erred in allowing testimony that referred to instances of robbery during and after the assault. He claims that this was evidence of other crimes and, therefore, inadmissible. Review is limited to plain error since no objection was made to the testimony during trial. *State v. Jimmerson*, 891 S.W.2d 470 (Mo.App.1994). Plain error is error that is evident, obvious and clear. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992). Relief is granted only where there is a strong and clear showing that manifest injustice or a miscarriage of justice will result if relief is not granted. *State v. McGee*, 848 S.W.2d 512, 513 (Mo.App.1993).

Mr. Bickham complains about several statements made during trial. The first occurred during the prosecution's opening statement in which the following remarks were made:

The two friends take their beaten friend and pulled him in the back of the truck. As they're trying to do this, the unknown male and Clyde McCowan are going through the cab of the truck trying to take tapes and trying to steal things out of the truck.

* * *

And [Mr. Cobb] will tell you that on top of all these injuries, while he was laying there unconscious and bleeding, the defendant and his pals went through his clothing—Shawn Cobb wasn't aware of this until he reached the hospital—they took his wallet with his money.

The remaining statements complained of were admitted during testimony from several individuals. Mr. Kreissler testified that Mr. McCowan and the unidentified individual were going through the cab of his truck while they were trying to get Mr. Cobb in the back of the truck and to the hospital. Detective Romona Lewis testified that the case was initially assigned to homicide, but when it was determined that property was taken it was reclassified and reassigned to the robbery unit. Mr. Cobb testified that his wallet was missing and that his credit cards had been used.

■ Generally, evidence of uncharged crimes, wrongs, or acts is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). However, this rule applies only to evidence that shows that the defendant committed, had been accused of, has been convicted of, or definitely was associated with the crime. *State v. Rhodes*, 829 S.W.2d 41 (Mo.App. 1992). Where the defendant's involvement in the other crime is speculative, when the defendant is not identified as the perpetrator, or when the other crime is attributed to someone other than the defendant the necessary connection does not exist for application of the rule. *State v. Briscoe*, 913 S.W.2d 812, 814–15 (Mo.App.1995).

■ The testimony of the various individuals at trial did not implicate Mr. Bickham as the person who took items during the assault. Mr. Kreissler's testimony involved two other individuals, not Mr. Bickham. Neither the detective nor Mr. Cobb identified Mr. Bickham as the person who took Mr. Cobb's wallet. There was no error in admitting the testimony from these individuals.

■ The state did imply during opening argument that Mr. Bickham took the wallet during the assault. However, improper arguments do not amount to manifest injustice unless they are decisive to the outcome of the trial. *State v. Plummer*, 860 S.W.2d 340, 349 (Mo.App.1993). The burden is on the defendant to prove the decisive significance. *State v. Parker*, 856 S.W.2d 331, 333 (Mo. banc 1993). There was substantial evidence to support Mr. Bickham's conviction of assault. The trial court's allowance of the prosecutor's opening argument did not result in manifest injustice.

## II.   Rule 29.15 Motion

Mr. Bickham's second point on appeal claims that the motion court erred in denying his Rule 29.15 motion for postconviction relief in that trial counsel was ineffective for not objecting to the testimony and argument discussed above. In order to establish a claim for ineffective assistance of counsel, movant must prove that counsel's performance was deficient and that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Prejudice only exists when trial counsel's error is outcome determinative. *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994).

■ Counsel cannot be ineffective for failing to make a nonmeritorious objection. *Walls v. State*, 779 S.W.2d 560, 562 (Mo. 1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990). As the admission of the testimony and the statement in opening argument by the prosecutor was not error, Mr. Bickham was not prejudiced by trial counsel's failure to object. See *State v. Stoner*, 907 S.W.2d 360, 365 (Mo.App.1995). Point II is denied.

The judgment of conviction is affirmed. The denial of the Rule 29.15 postconviction motion is affirmed.

All concur.