STATE of Missouri, Respondent,

v.

Tyrone WILLIAMS, Appellant.

No. WD 54383.

Missouri Court of Appeals,
Western District.

June 30, 1998.

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

Before HANNA, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Tyrone Williams appeals the judgment of his jury convictions in the Circuit Court of Jackson County of three counts of robbery in the first degree, § 569.020,[1] and three counts of armed criminal action, § 571.015. He was sentenced to concurrent terms of twenty years imprisonment on each of the robbery counts and fifteen years imprisonment on each of the armed criminal action counts.

In his sole point on appeal, the appellant claims that the trial court plainly erred in admitting evidence of an uncharged crime in that it was not logically and legally relevant on any issue as to the charged crimes.

We affirm.

## Facts

On October 24, 1994, police officers from the Kansas City, Missouri, Police Department responded to a report of a robbery in progress at a local Burger King restaurant. The appellant and three other men were apprehended and arrested in the area to which police believed the suspected robbers had fled. When the appellant was arrested, he was breathing rapidly and was carrying over $800 in cash, separated by denomination and rubber banded together.

Although the appellant was a suspect in the Burger King robbery, he was not charged in connection with this crime. However, he was charged with and convicted in the Circuit Court of Jackson County of committing the robberies of a Hardee's restaurant on August 29, 1994, a Kentucky Fried Chicken restaurant on September 21, 1994, and a Subway restaurant on October 17, 1994.

Following their arrest in connection with the Burger King robbery, the suspects were placed in a video lineup. Eyewitnesses to the Hardee's and the Kentucky Fried Chicken robberies identified the appellant and another suspect as the men who had robbed those stores. An eyewitness to the Subway robbery tentatively identified another suspect as one of the men who robbed that store. A shoe print left at the Subway robbery was found to be consistent with the shoes the appellant was wearing at the time of his arrest. Police also recovered a bullet that was fired during the Kentucky Fried Chicken robbery and matched it to a gun that was found near the scene of the appellant's arrest.

In addition to introducing this evidence at trial, the State also introduced extensive evidence concerning the Burger King robbery. This evidence consisted of the circumstances under which the appellant was arrested and items recovered from the car police believed the suspects used to flee the scene.

Following a jury trial, the appellant was convicted of three counts of robbery in the first degree and three counts of armed criminal action. He was sentenced by the trial court as a prior and persistent offender, pursuant to § 558.016.2, to concurrent terms of twenty years imprisonment for each of the robbery counts and fifteen years imprisonment on each of the armed criminal action counts.

This appeal follows.

## Standard of Review

■ Trial courts typically have broad discretion in deciding whether to admit evidence. "The trial court's decision will not be disturbed unless a clear abuse of discretion is shown." *State v. Stoner*, 907 S.W.2d 360, 363 (Mo.App.1995). The decision to admit evidence is an abuse of discretion where it "is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991).

1. All statutory references are to RSMo 1994, unless otherwise indicated.

To show reversible error, the appellant must not only demonstrate that the admission of the evidence was erroneous, but also that it was prejudicial. *Stoner,* 907 S.W.2d at 363.

■ In this case, the appellant concedes that he failed to object to the admission of the Burger King evidence at trial.

"As such, [he] did not preserve the question of . . . admissibility for appellate review. 'In order to give trial courts the opportunity to correct their own mistakes, any alleged error must be pointedly objected to at trial.' *State v. English,* 795 S.W.2d 610, 612 (Mo.App.1990). 'Assignments of error regarding admissibility of evidence are not for consideration on appeal unless they were timely presented to the trial court when the evidence was offered.' *State v. McMillin,* 581 S.W.2d 612, 616 (Mo.App.1979)."

*State v. Zelinger,* 873 S.W.2d 656, 660 (Mo. App.1994). Where no objection to the admission of evidence is made at trial, the decision of the trial court is only reviewed for plain error. *State v. Daly,* 798 S.W.2d 725, 729 (Mo.App.1990).

■ " 'The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review.' *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983), *citing State v. Davis,* 566 S.W.2d 437, 447 (Mo. banc 1978)." *State v. McMillin,* 783 S.W.2d 82, 98 (Mo. banc 1990); *see State v. Silvey,* 894 S.W.2d 662, 670 (Mo. banc 1995). Unless a claim of error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' " we will decline to review for plain error. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). As such, plain error review is discretionary with the appellate court. *State v. Wyman,* 945 S.W.2d 74, 77 (Mo.App.1997); *State v. Frazier,* 927 S.W.2d 378, 379 (Mo.App.1996).

Plain error relief is appropriate only when the alleged error so substantially affects the rights of the defendant that a manifest injustice or miscarriage of justice results. Rule 29.12(b). The defendant bears the burden of showing that an alleged error has produced such a manifest injustice. *State v. Parkus,* 753 S.W.2d 881, 888 (Mo. banc), *cert. denied,* 488 U.S. 900, 109 S.Ct. 248, 102 L.Ed.2d 237 (1988). Mere allegations of error and prejudice will not suffice. *See State v. Kilgore,* 771 S.W.2d 57, 67 (Mo. banc), *cert. denied,* 493 U.S. 874, 110 S.Ct. 211, 107 L.Ed.2d 164 (1989).

*State v. Isa,* 850 S.W.2d 876, 884 (Mo. banc 1993). "The determination whether plain error exists must be based on a consideration of the facts and circumstances of each case." *State v. Cline,* 808 S.W.2d 822, 824 (Mo. banc 1991) (citing *State v. Sanders,* 541 S.W.2d 530, 533 (Mo. banc 1976)). "When guilt is established by overwhelming evidence no injustice or miscarriage of justice will result from the refusal to invoke the rule." *State v. Jordan,* 627 S.W.2d 290, 293 (Mo. banc 1982) (citing *State v. Bainter,* 608 S.W.2d 429, 431 (Mo.App.1980) (citing *State v. Hurtt,* 509 S.W.2d 14, 15[3] (Mo.1974))).

We will exercise our discretion and review the appellant's claim of plain error. However, "[t]he assertion of plain error places a much greater burden on the defendant than if the defendant had preserved the issue at trial." *State v. Sims,* 952 S.W.2d 286, 292 (Mo.App.1997).

### I.

The appellant claims that the trial court plainly erred in admitting evidence regarding the robbery of Burger King because it was inadmissible evidence of an uncharged crime in that it was not logically and legally relevant on any issue as to the charged crimes. We disagree.

■ It is well settled that evidence of uncharged crimes is inadmissible to prove that a defendant has a propensity to commit similar crimes. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993).

However, "[e]vidence of prior misconduct of the defendant, although not admissible to show criminal propensity, is admissible if the evidence is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, *State v.*

*Sladek*, 835 S.W.2d 308, 311 [Mo. 1992] (quoting *State v. Reese* [364 Mo. 1221], 274 S.W.2d 304, 307 (Mo. banc 1954)), and if the evidence is legally relevant, that its probative value outweighs its prejudicial effect. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987)." *State v. Rehberg*, 919 S.W.2d 543, 548 (Mo. App.1995) (citing *Bernard*, 849 S.W.2d at 13). Evidence is logically relevant when it tends to prove a material fact. *Rehberg*, 919 S.W.2d at 549. Logically relevant evidence should not be excluded simply because it also tends to prove the defendant guilty of an uncharged crime. *State v. Simms*, 859 S.W.2d 943, 946 (Mo.App.1993). Evidence is legally relevant when it is more probative than prejudicial. *Rehberg*, 919 S.W.2d at 549. The balancing of the probative value of the evidence against its prejudicial effect lies within the sound discretion of the trial court. *Simms*, 859 S.W.2d at 946; *see also State v. Franklin*, 854 S.W.2d 55, 58 (Mo.App.1993).

■ The Supreme Court of Missouri has recognized six instances where evidence of an uncharged crime is admissible. Evidence of uncharged crimes is admissible if it is used to show: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common plan or scheme embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial; or (6) the defendant's signature method of operation. *Bernard*, 849 S.W.2d at 13. The Supreme Court of Missouri has also allowed the use of uncharged crimes evidence to allow the state to "present a complete and coherent picture of the events that transpired." *State v. Skillicorn*, 944 S.W.2d 877, 886–87 (Mo. banc 1997). The issue for us to decide is whether the evidence challenged here was logically and legally relevant. We will first address the logical relevance of the evidence.

■ We find evidence concerning the Burger King robbery was logically relevant because it had a legitimate tendency to prove that the appellant was guilty of the charged crimes in that it presented a complete picture of the events surrounding the appellant's ar-rest. The evidence of the Burger King robbery helped establish the circumstances under which the appellant was arrested for the charged crimes, and how he came to be charged. Thus, this evidence was probative as to why the appellant was a suspect in the charged crimes and available for the lineup from which he was identified by the eyewitnesses as being involved in the charged crimes. As such, some evidence concerning the Burger King robbery was necessary to give the jury a complete picture of how the appellant came to be identified as one of the perpetrators of the three charged robberies and was logically relevant.

■ Having already determined that evidence of the Burger King robbery was logically relevant, or in other words, was probative on the issue of the appellant's guilt as to the charged crimes, we next must determine whether this evidence was also legally relevant. *Rehberg*, 919 S.W.2d at 548. Evidence is legally relevant if its probative value outweighs its prejudicial effect. *Id.* The significance of requiring the probative value of the uncharged crimes evidence to outweigh its prejudicial effect is to prevent a criminal defendant from being convicted simply because he is a " 'bad guy.' " *State v. Jones*, 914 S.W.2d 852, 856 (Mo.App.1996) (citing *State v. Sladek*, 835 S.W.2d 308, 314 (Mo. banc 1992) (Thomas, J., concurring)). Generally, any evidence is regarded as prejudicial that would tend to cause a jury to convict. However, in the context of determining the legal relevance of uncharged crimes evidence, prejudice is a function of whether the admission of this evidence would cause a jury to convict as to the charged crimes simply because the defendant had engaged in prior bad acts or crimes, regardless of the logically relevant evidence in the case.

■ Here, as determined, *supra*, some evidence of the Burger King robbery was logically relevant to give a complete picture of the events surrounding the appellant's ar-rest. Although this evidence was logically relevant, we recognize that it was to some degree prejudicial in that the appellant was cast in a dim light when the jury learned that

he had been arrested for an uncharged crime. The question is, did the prejudicial effect of the evidence outweigh its probative value? The fact that some of the evidence surrounding the Burger King robbery was highly probative on relevant issues as to the charged crimes would outweigh the fact that some prejudice may have resulted to the appellant from the disclosure to the jury that he was involved in an uncharged robbery. As such, this evidence was legally relevant. Admittedly, some of the detail evidence of the Burger King robbery should have been excluded in that its prejudicial effect was far outweighed by its probative value. However, the appellant fails to demonstrate how its admission resulted in manifest injustice to him in light of the admissible evidence in the case.

For the reasons stated, we find that the trial court did not plainly err in admitting the evidence of the Burger King robbery.

Point denied.

### Conclusion

The circuit court's judgment of the appellant's convictions of three counts of robbery in the first degree and three counts of armed criminal action is affirmed.

All concur.