**STATE of Missouri, Respondent,**

v.

**Ronald VINCENT, Appellant.**

**No. ED 78518.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 11, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 31, 2001.

Douglas R. Hoff, Asst. Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Ronald Vincent (hereinafter, "Defendant") appeals his conviction of first-degree robbery in violation of Section 569.020 RSMo (2000)[1] and armed criminal action in violation of Section 571.015 following a jury trial. Defendant alleges the trial court erred in overruling his motions for mistrial, to strike a venireperson for cause, and to quash a peremptory strike of a venireperson on *Batson* grounds. We affirm.

On December 7, 1997, Shirley Barnes (hereinafter, "Barnes") and her 79–year–old mother were returning home when they noticed four youths, including Defendant, walking across the street. Defendant broke away from the group and ran toward them. Defendant accosted the women on the porch while Barnes tried to unlock the house door. Defendant pulled out a gun and told Barnes to give him her purse. When she refused, Defendant grabbed the purse, breaking the strap and causing it to fall onto the porch. Defendant told Barnes to pick up the purse and when she refused, he picked it up and ran.

On December 9, 1997, Barnes identified Defendant in a photo lineup as the person who robbed her. That evening, the police

---

1. All further statutory references are to RSMo (2000) unless otherwise indicated.

set up surveillance at Defendant's apartment complex. During their surveillance, they observed Defendant return to the complex driving a blue vehicle. As Defendant exited the vehicle, the police approached him and instructed him to remain by the side of the vehicle. However, Defendant pulled a pistol from his waistband, tossed it into the vehicle's broken front window, and ran into his apartment building. The police tried to follow Defendant, but were locked out of the apartment building. Another tenant opened the building's door for the police. When the police reached the Defendant's apartment they knocked on his door. Police arrested Defendant when he answered the door. Later that evening, Barnes returned to the police station and identified Defendant as the robber in a live lineup. She also identified the gun police found in Defendant's vehicle as the type of gun used in the robbery.

On January 25, 2000, a jury found Defendant guilty of armed criminal action and robbery first-degree, but acquitted him on a count of unlawful use of a weapon. On July 21, 2000, the trial court sentenced Defendant to a ten-year sentence on each count to be served concurrently. This appeal follows.

Defendant's first point on appeal alleges the trial court erred and abused its discretion by overruling his motion for a mistrial. Defendant moved for a mistrial during cross-examination of one of the arresting officers (hereinafter, "Officer Dolan"), alleging Officer Dolan's testimony was unresponsive and allowed inadmissible evidence of an unrelated offense into evidence. The trial court overruled the motion and instructed the jury to disregard the evidence. Defendant claims the court should have declared a mistrial because the testimony was prejudicial and violated his due process rights.

An appellate court's review for failure to grant a mistrial is limited to an abuse of discretion. *State v. Rhodes,* 829 S.W.2d 41, 43 (Mo.App. E.D.1992). The mere fact that evidence was admitted is not conclusive; it must also be prejudicial to warrant a mistrial. *Id.* Declaring a mistrial is a drastic remedy that should be granted only in extraordinary circumstances. *State v. Riggins,* 987 S.W.2d 457, 461 (Mo.App. W.D.1999). Courts look to the following factors in determining the prejudicial effect of an unsolicited reference to other crimes: (1) whether the statement was voluntary and unresponsive; (2) whether the statement was singular and isolated, or emphasized by the prosecution; (3) whether the statement was vague and indefinite, or made specific references to a crime committed by the accused; (4) if the court promptly sustained defense counsel's objection to the statement and admonished the jury to disregard the statement; and (5) if the comment played a decisive role in the determination of guilt in view of other evidence presented and the strength of the prosecution's case. *Id.*

During cross-examination, Defendant's counsel asked Officer Dolan if he conducted a full search of Defendant's vehicle after his arrest. Officer Dolan responded, "Well, it was searched once we determined that it was taken in a car-jacking in East St. Louis." Defendant's counsel objected to the statement, approached the bench stating Officer Dolan's answer was unresponsive, and moved for a mistrial. The court denied the request, but instructed the jury to ignore the testimony regarding the car-jacking and that Defendant had not been charged with any crime connected with the blue vehicle.

"It is not uncommon for witnesses to unexpectedly volunteer inadmissible statements." *State v. Scott,* 996

S.W.2d 745, 749 (Mo.App. E.D.1999) (*citing State v. Silas*, 885 S.W.2d 716, 720 (Mo.App. W.D.1994)). Officer Dolan's statement was voluntary, singular, and made during cross-examination by Defendant's counsel rather than by the prosecution. His remark did not implicate Defendant as the person who committed the crime. The court promptly sustained the objection and instructed the jury to disregard the statement. Further, this comment did not play a decisive role in the determination of guilt because the court admonished the jury that Defendant had no connection with any crimes linked to the car. Additionally, the jury acquitted Defendant on the charge of unlawful use of a weapon connected to this evidence, thereby showing no prejudice to Defendant due to Officer Dolan's statement. The trial court did not abuse its discretion in the denial of Defendant's motion for a mistrial. Point denied.

■ Next, Defendant contends the trial court erred in overruling his motion to strike a venireperson because she indicated she could not be fair and impartial. Defendant claims a manifest injustice resulted from this person's participation as a juror.

■ Defendant failed to raise this issue in his motion for a new trial, and therefore, he did not preserve it for review. We will review the issue only for plain error. *State v. Bolds*, 11 S.W.3d 633, 640 (Mo. App. E.D.1999); Rule 30.20. Defendant must show the trial court's error substantially affected his rights in that a manifest injustice will occur if the error is left uncorrected. *Id.* at 638.

■ The accused must be afforded a full panel of qualified jurors before expending any peremptory challenges. *State v. Johnson*, 722 S.W.2d 62, 65 (Mo. banc 1986). "Venirepersons may be excluded only where it appears that their views would prevent or substantially impair the performance of their duties as jurors in accordance with the instructions and their oath." *Bolds*, 11 S.W.3d at 640 (*citing State v. Jones*, 979 S.W.2d 171, 184 (Mo. banc 1998)).

The court examined all responses made by the venireperson during voir dire and determined she was thoughtful and would not be prejudiced by past incidents. Since the court examined the venireperson's answers and stated she could be impartial and Defendant failed to show how her inclusion on the panel led to a manifest injustice, there was no plain error. Point denied.

Defendant's final point on appeal claims the trial court erred in overruling his motion to quash one of the State's peremptory strikes because the court allowed a venireperson to be stricken even though the prosecution failed to provide a gender-neutral reason for the strike. Defendant claims he was denied his right to have a jury selected through gender-neutral criteria which resulted in a manifest injustice.

■ Defendant failed to claim this alleged error in his motion for new trial therefore, it will be reviewed only for plain error. *State v. Shaw*, 14 S.W.3d 77, 83 (Mo.App. E.D.1999); Rule 30.20. When making a *Batson*[2] challenge based on gender, the defendant must first identify the cognizable protected group to which the venireperson belongs. *State v. Smith*, 5 S.W.3d 595, 597 (Mo.App. E.D.1999); *State v. Barnett*, 980 S.W.2d 297, 302 (Mo. banc 1998). Once the group is identified, the State must provide a gender-neutral explanation for the peremptory strike. *Id.* The burden then shifts back to the defendant

---

**2.** *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct.   1712, 90 L.Ed.2d 69 (1986).

to show a pretextual explanation for the strike, motivated only by gender. *Id.*

■ Defendant's counsel originally made a race-based *Batson* challenge. He renewed his *Batson* challenge to include gender after the prosecutor provided a gender-specific explanation for striking the female venirepersons. The prosecutor failed to provide a gender-neutral reason for eliminating two female venirepersons and the court denied these strikes. However, the prosecutor gave a gender-neutral explanation for striking the third female venireperson which was accepted by the court as not pretextual. The court allowed the third female venireperson to be stricken because the prosecution had a gender-neutral explanation for the strike. This did not result in a manifest injustice. Point denied.

The conviction is affirmed.

MARY R. RUSSELL and MARY K. HOFF, JJ., concur.