STATE of Missouri, Plaintiff–
Respondent,

v.

**Timothy Parker SIMPKINS,
Defendant–Appellant.**

No. SD 29376.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 12, 2010.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 3, 2010.

Application for Transfer Denied
March 23, 2010.

Margaret M. Johnston, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Robert J. (Jeff) Bartholomew, Asst. Atty. Gen., Jefferson, MO, for Respondent.

JO BETH PREWITT, Special Judge.

Timothy Parker Simpkins (defendant) appeals his conviction of forgery, § 570.090, RSMo 2000, after a jury trial in Lawrence County. The trial court sentenced defendant to three years' imprisonment and suspended execution of the sentence, placing defendant on probation for five years under the supervision of the State Board of Probation and Parole. He now appeals, alleging that there was insufficient evidence to support his conviction. We reverse.

Defendant was charged by information amended the day of trial to charge him with the class C felony of forgery. The state charged that on or about March 28, 2006, in the County of Lawrence, State of Missouri, the defendant transferred, with the knowledge or belief that it would be used as genuine, a check dated 3/27/06, in the amount of $217.00, drawn on the account of Eve Stewart and Jon Harris, a writing, and the defendant knew this writing had been made so that it purported to have been made by authority of one who did not give such authority, to wit: Jon Harris.

The check was incomplete, reflecting only the date, the amount of two hundred seventeen dollars, and the purported signature of Jon Harris, who testified that he did not sign it. No payee was reflected on the check, and the memorandum space was blank. The check was not endorsed on the back.

On March 28, 2006, defendant went to First State Bank in Monett, Missouri with the check, which was drawn on an account

with that bank. Defendant handed the check to a teller trainee, who could not remember what the defendant said to her when doing so. She and her supervising teller could not locate the account on which the check was drawn. She testified that they took the check to the bookkeeping department, where it was determined to be drawn on a closed account. That took approximately thirty minutes according to the teller trainee, who also testified that defendant and his friend stayed at her teller station the entire time.

Defendant gave the teller his Missouri non-driver license when identification was requested, and he left when told that the check was issued on a closed account and would not be returned to him. Later, the defendant was questioned briefly by detective John Allred, to whom defendant made the statement that he was trying to see if the bank would cash the check. No one asked the defendant how he came into possession of the check, which had disappeared from an old mobile home in an adjoining county without permission of the owners. There were markings on the check which could have been placed there by someone attempting to cash the check earlier, but the numbers did not correspond to the identification numbers of defendant.

Trial was by jury on April 17, 2008, in the circuit court of Lawrence County. The jury found defendant guilty. Sentencing by the court occurred on September 24, 2008. Defendant's motions for judgment of acquittal at the close of the state's evidence and at the close of all the evidence were denied. Defendant's motion for judgment of acquittal or in the alternative for a new trial was also denied. He was sentenced by the judge to serve three years' imprisonment in the Missouri Department of Corrections, with execution of the sentence suspended and defendant placed on probation. The defendant appealed.

In determining the sufficiency of the evidence, this court views the evidence and all reasonable inferences in the light most favorable to the judgment; it disregards contrary evidence in making its determination, granting deference to the trier of fact in regard to credibility of witnesses and weight of the evidence. *State v. Johnson,* 244 S.W.3d 144, 152 (Mo. banc 2008).

The state asserts the evidence was sufficient to convict, relying upon a long line of Missouri cases holding that the possession of and attempt to pass a forged instrument raises a presumption or inference that the possessor forged the instrument, and such presumption is conclusive unless its possession is explained to the satisfaction of the trier of fact. *State v. Chambers,* 898 S.W.2d 119, 121–22 (Mo. App.1995); *State v. Taylor,* 778 S.W.2d 276, 279 (Mo.App.1989). It relies on a long line of Missouri cases to create a reasonable inference that the defendant knew the check was not made by Jon Harris. It asserts that the evidence was sufficient to create a reasonable inference of defendant's intent to defraud. The state would shift to the defendant the burden to explain his possession of the check, or the presumption of defendant's forgery would be conclusive. This rule of law has been clarified in subsequent opinions as creating an inference as opposed to a mandatory presumption.

A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves certain predicate facts, but does not require the jury to draw that conclusion.

[*Francis v. Franklin,* 417 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344] at 314, 105

S.Ct. 1965 [ (1985) ]. In a criminal case, unlike a mandatory or conclusive presumption which violates due process by shifting the burden of proof to the defendant, a permissive inference does not unless " 'the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.' " *Taylor,* 778 S.W.2d at 279 (quoting *Francis,* 471 U.S. at 314–15, 105 S.Ct. 1965).

*State v. Scurlock,* 998 S.W.2d 578, 583–84 (Mo.App.1999).

In each of the cases relied upon by the state, there was evidence before the trier of fact which would link the defendant to the theft or alteration of the forged instrument independent of the defendant's possession of the instrument. *State v. Carroll,* 41 S.W.3d 878 (Mo. banc 2001) (appellant testified she obtained the altered check directly from her estranged husband and deposited it; evidence established her husband had written the check for a lesser amount payable to "Kennett Cable Vision" and placed it in the mailbox); *State v. Stallings,* 158 S.W.3d 310 (Mo.App.2005) (appellant had access to equipment in prison library to alter court document and his fingerprints were on the document); *State v. Pride,* 1 S.W.3d 494 (Mo.App.1999) (appellant altered both an insurance policy issued to his company by a third party to reflect coverage after expiration *and* a cashiers check already in his possession obtained some years earlier by appellant); *State v. Scurlock,* 998 S.W.2d at 581 (appellant had access overnight to the car from which the check was stolen; appellant purchased items with the forged check); *State v. Chambers,* 898 S.W.2d at 121–122 (appellant was at the home of the check owner shortly before the check was stolen; the check was in his possession and he cashed it by use of an innocent agent); *State v. Taylor,* 778 S.W.2d at 278 (appellant was alone in the back of the restaurant near the office from which the check was stolen; the forged check was payable to appellant, who signed and cashed it); *State v. Gantt,* 504 S.W.2d 295, 300 (Mo.App.1973) (appellant testified he had been at the home of the person whose signature was written on a counter check, saw him complete the check, and purchased alcoholic beverages and cigarettes for the account owner; appellant had no explanation for misspelling of name on check, was confused as to dates, told the police initially that he "did not wish to involve others," and did not request his friendly account owner's support while in jail prior to the death of the account owner).

In the case on appeal, there was absolutely no evidence before the jury in regard to how defendant came into possession of the check. The owners of the check testified that their former residence was broken into and the checks taken from it, but defendant was not one of the three individuals reported to have been at or around the mobile home. The defendant simply had "unexplained possession of a forged instrument," which the courts in *State v. Carroll, supra,* distinguished. Defendant took the check to the bank upon which it was drawn, waited for approximately thirty minutes after it was apparent there was a problem with the check, willingly allowed the bank to copy his identification, and indicated to the detective that he took the check to the bank to determine if they would cash it, all undisputed facts established by the state's evidence that contradict rather than support the inference which would have to be drawn by the trier of fact for this defendant to be found guilty.

Defendant's conviction is not supported by sufficient evidence and must be reversed. The judgment is reversed, and

the case is remanded for entry of a judgment of acquittal.

LYNCH, P.J., and RAHMEYER, J., concur.